## GATES *against* TREAT:

### IN ERROR.

The courts of probate are empowered to make distribution of the lands of a person who has died intestate, among his heirs; and this power is exercised through the intervention of distributors appointed for that purpose; but the distribution, when completed, derives all its efficacy from the decree of the court accepting and confirming the return of the distributors.

Such a decree, embracing the return of the distributors, is as conclusive upon the parties as the judgment or decree of any other court; and no part of it can be impeached or varied, except on appeal to the superior court.

Therefore, where a distribution of certain lands of the intestate was made among his heirs, by distributors appointed by the court of probate for that purpose; and in their return, they made a mistake in describing the lines of the several parcels, whereby more land was given to some of the heirs, and less to the others, than according to the distribution in fact made, they were respectively entitled to ; this return was accepted and confirmed, by the court of probate ; after which the party aggrieved by the mistake, brought a bill in chancery for its correction; it was held, on demurrer, that the bill was not sustainable.

THIS was a bill in chancery, brought by *Samuel Gates* against *James S. Treat,* seeking the correction of a mistake, made by the freeholders appointed by the court of probate to distribute the estate of *Miner Robins* among his heirs, in making their return of such distribution.

The bill stated, That *Miner Robins,* who died intestate, in the year 1836, was, at the time of his death, well seised and possessed of a certain tract of land, containing about forty acres; that he left seven children, and six grand-children, (the latter being the children of a deceased daughter,) to whom said tract of land descended, and in whom the title thereto vested, *viz.* one undivided eighth part in each of the seven children, and in the six grand-children ; that said tract of land not being required for the payment of the debts of the deceased, the administrators on his estate made application, according to law, to the court of probate, to distribute it among his legal heirs; that this application was allowed, and the court of probate, on the 16th of *January,* 1837, appointed three judicious and disinterested freeholders to distribute said tract of land among said heirs; that these distributors proceeded to execute the duties so imposed on them, and divided said tract of land into eight separate parcels, and distributed one of them to each of said children, and the remaining one to said six grand-children.   The bill then specified the manner in which the division was made, and described the parcel set to each of the heirs ; after which it was averred, that the plaintiff was the owner of three of such parcels, and that the distributors, in making their return of the distribution, made such a mistake as to exclude from each of these parcels a portion of the land belonging thereto ; that the lines forming the *Eastern* and *Western* boundaries of said three

THE YALE LAW LIBRARY

*Windham,*
*July, 1845.*

Gates
*v.*
Treat.

parcels were described in such return as parallel lines, where-as they are in fact not parallel lines, nor were said parcels distributed by making them parallel lines; that by making them parallel lines, as they are described in the return, the *Northern* boundary line of said parcels is very considerably shortened from the length in fact given to it by the distributors, and the quantity of land included in said three parcels is diminished, by excluding therefrom a triangular piece of land of much value, which was in fact included, and intended to be included, therein; that though the plaintiff is now well seised in fee of said three parcels, yet he is unable to maintain at law his title to the whole of the land included therein, on account of said mistake; such mistake being wholly unknown to him, and to his grantors, at the time of his purchase, which was made in view of the practical boundaries of said parcels. The bill then stated, that the defendant is the owner of the other parcels contained in said tract, and claims to extend the line of his land *Westerly* so as to include within it said triangular piece of land, according to the letter of the distributors' return, but contrary to the distribution as in fact made; all of which facts were well known to him, at the time he became the purchaser of his parcels, he buying them by the practical lines and boundaries.

To this bill there was a demurrer; which the court sustained; and thereupon dismissed the bill. To revise this decision, the plaintiff, by motion in error, brought the record before this court.

*Backus* and *Foster*, for the plaintiff in error, contended, That the correction of a mistake in any instrument which is the evidence of title to real estate, is a proper ground of equitable interference. Here the title in severalty of both parties was created by the distribution, and evidenced by the return. The distribution itself is not complained of: that was correct. But the return, by mistake, was not conformable to the distribution. By the return, the defendant gets more land, and the plaintiff less, than they were respectively entitled to, according to the distribution in fact made. The defendant thus gets land which he never bought, and the plaintiff loses land which he has bought and paid for. That such a mistake ought, upon principles of equity, to be corrected, if it can be done, is un-

questionable.   Now, is it not competent to a court of equity to do this?  *Mistake in matter of fact* is a prominent and well known head of equity jurisdiction; and it is especially true, that equity interferes to reform written instruments on that ground.   According to an eminent jurist, it would be a great defect in the moral jurisdiction of the court, if it was incapable of granting this relief.   1 *Sto. Eq.* 167, 8. *ss.* 155, 6. The same principle which is applicable to cases of purchases, where the parties have been innocently under a mutual mistake as to the *extent of the thing sold,* is applicable here. Such a mistake would be a ground to set aside the contract; for it is impossible to say that one shall be forced to give that price for *part only,* which he intended to give for *the whole.* 1 *Sto. Eq.* 158. *s.* 144.   We ask that each party shall have what he has bought, and nothing more.

*Strong* and *Welch,* for the defendant, insisted, that the bill was properly dismissed, by the court below; in support of which they urged the following considerations.

1. That the court of probate had by law power and authority to make the partition of these lands; and this having been done by its decree, a court of equity has no power to correct or vary it.   It stands upon the same ground as the decree or judgment of any other court of competent jurisdiction.

2. That the report of the distributors has no effect until it is accepted by the court of probate, whose decree makes the partition.   *Non constat* that this report would have been accepted by the court, if it had been returned as it is now said to have been made.

3. That the statute having provided for the correction of any erroneous decree of the court of probate, by an appeal to the superior court, the party complaining should have taken that course.

4. That the statute has wisely provided a short period of limitation for reviewing the decrees of courts of probate, in order to prevent the delay and inconvenience which would result from the settlement of estates being kept open.   But if this application could be sustained, no period short of fifteen years would create a bar.

HARVARD LAW LIBRARY

*Windham,*
*July, 1845.*

*Gates*
*v.*
*Treat.*

HINMAN, J.   That the court of probate had power, by virtue of the statute relating to the settlement of estates, to make partition of the lands in controversy among the heirs of *Miner Robins*, has not been, and cannot be, denied.   This power is expressly given to that court; and the mode in which it shall be exercised, through the intervention of freeholders to be appointed to make the distribution, is specifically pointed out in the statute.   *Stat.* 234. *tit.* 31. *c.* 1. *s.* 29. (ed. 1838.)   It is equally clear, that the decree of a court of probate, in a matter within its jurisdiction, is as conclusive upon the parties, as the judgment or decree of any other court; and the superior court, as a court of equity, has no more power to correct, alter, or vary it, than it has to alter or vary the judgments of any other court in the state.   The statute, having provided for the correction of any erroneous decree, by appeal, unless that remedy is taken, the decree must stand.   *Goodrich* v. *Thompson,* 4 *Day,* 215.   *Holcomb* v. *Phelps,* 16 *Conn. R.* 127. and authorities there cited.

As, then, the court of probate had jurisdiction to make partition of these lands between the heirs, and as the decree of probate can not be altered but by appeal, the only question in the case, is, whether the distribution which has been made, can be separated from the decree of probate approving it, so as to give the superior court any jurisdiction over the acts and proceedings of the distributors, which it must be admitted it can not have over the decree itself.   The claim of the plaintiff is founded upon the idea that this can be done;— that the superior court can correct a mistake, which the distributors made, in making their report, although his counsel admit, that the decree of probate can not be touched; and they say, that their bill does not ask that the decree of probate be altered at all, but only, that the mistake in the distribution be corrected.   But the distribution being the foundation on which the decree rests, and being made effective by it, becomes of course a part of it.   The one, without the other, is a mere nullity.   When, therefore, the bill speaks of a mistake in the report, and asks for its correction, it as effectually asks for the alteration and correction of the decree, as if the request was made in terms.   Besides, both these parties purchased of the several heirs, by metes and bounds, their several parcels of the land, as distributed to them; and as the convey-

ance of a tenant in common, by metes and bounds, of a part of the common estate, is void, they have no title to any of the property, but upon the ground that the distribution has been established by the court of probate. The title, then, of the parties here, rests upon the distribution as accepted and approved by the court; and to alter the distribution now, is to make the decree approve of a different division of the land, from the one which was before the court, when it was passed upon; nor can we know that the report would have been accepted, had it been in fact as the plaintiff insists it ought to have been. Would it be contended for a moment, that upon an application like this, the superior court could alter a report of auditors, which had been returned to and accepted by the county court? But if that can not be done, for the same reason this distribution can not be corrected.

We do not think, therefore, that there is any error in the judgment complained of.

In this opinion the other Judges concurred, except CHURCH, J., who was absent.