## CHARLOTTE L. AMES'S APPEAL FROM PROBATE.

The statute (Gen. Statutes, tit. 11, sec. 78) provides that every decree made by a judge of probate who is disqualified by any of the provisions of the act shall be valid unless an appeal shall be taken to the next term of the Superior Court. A judge of probate appointed *A* administratrix of an estate, and no appeal was taken to the next term of the Superior Court. About two months thereafter the judge, finding that he was disqualified by reason of being a stockholder in a bank which presented a claim against the estate, made a further

order reciting the fact that he was thus disqualified and citing in a judge of an adjoining district to act in his place, and the judge so cited in appointed *B* administrator. Held—1. That the appointment of *A*, not having been appealed from, was valid.—2. That the order of the judge reciting his disqualification and calling in another judge had no effect whatever upon the administration granted to *A*.—3. That the appointment of *B* as administrator was of no effect, as there was no vacancy to be filled.

Whether, if the order of the judge reciting his disqualification and citing in another judge to make an appointment could be regarded as a revocation of the appointment of *A*, it would have been valid without notice to *A* ; and whether, at the time *B* was appointed, *A* was not as widow entitled to the appointment : *Quaere.*

APPEAL from a decree of the court of probate for the district of Salisbury appointing Oliver Ames administrator on the estate of Horatio Ames, deceased ; taken to the Superior Court in Litchfield County and heard before *Foster, J.*

It appeared in evidence that Silas B. Moore, Esq., the regular judge of the probate court, on the 27th day of May, 1871, granted letters of administration on the estate in question to Charlotte L. Ames, the appellant, who was the widow of the said Horatio Ames, and that she accepted the office, gave bonds according to law, and proceeded to act as administratrix in the settlement of the estate.

On the 18th day of July, 1871, the judge of probate made the following order, which was entered upon the records of the court.

" Estate of Horatio Ames, late of Salisbury, in said district, deceased. This court having, on the 27th day of May, 1871, taken jurisdiction in the matter of settling said estate, and on said day made its order appointing Charlotte L. Ames, of said Salisbury, administratrix with the will annexed, on said estate, as will appear of record ; and whereas, it is now made to appear, and is found and proved before this court, that the National Iron Bank, at Falls Village, is a creditor of said estate, and the judge of this court is a stockholder in said bank, and therefore is disqualified by law to act in the settlement of said estate :—It is therefore ordered, that a judge of probate of an adjoining probate district, be cited in to act in the matter of the settlement of said estate and to grant administration thereon."

Upon this order the clerk of the court, in accordance with the statute, cited in Charles L. Prindle, Esq., the judge of an adjoining probate district, to sit in the place of Judge Moore and act in all matters pertaining to the estate in question. Judge Prindle came in, under the citation, and at a court holden on the 24th day of July, 1871, made the following decree:

"In the matter of the estate of Horatio Ames, late of said Salisbury, leaving a will, and Silas B. Moore the judge of said probate district of Salisbury being disqualified to act in the settlement of said estate by reason of being a stockholder in the National Iron Bank, which bank is a creditor of said estate, and the appointment of Charlotte L. Ames as administratrix of said estate, with the will annexed, heretofore made by said court of probate, being null and illegal in consequence of the disqualification of said Silas B. Moore, Esq., judge of said court; and the said Charles L. Prindle having been cited in to hold said court by the clerk of said court, as will appear of record and on file, and reference being had to the records of said probate court:—Oliver Ames, of North Easton, Massachusetts, is hereby appointed administrator with the will annexed, of said estate of Horatio Ames, and letters are hereby granted unto him to administer and settle said estate, and the said Oliver Ames is hereby required to give bond to the judge of said court of probate and his successors in office, in the sum of twenty thousand dollars, conditioned for his faithful settlement of said estate as the statute provides in such cases."

It was from the foregoing decree of Judge Prindle that the appeal was taken. It appeared that no appeal had ever been taken from the decree of Judge Moore appointing the appellant administratrix, and that her appointment had been no otherwise revoked than by the proceedings stated.

The Superior Court upon these facts reversed the decree appealed from, and the appellee brought the record before this court by motion in error.

*Graves* and *E. W. Seymour,* for the plaintiff in error.

· *G. C. Woodruff* and *Warner*, for the defendant in error.

PARK, J.   The appointment of Mrs. Ames administratrix with the will annexed, was valid by the provisions of the 78th section of the act relating to courts, (Gen. Statutes, page 230.)   The statute provides, with regard to probate decrees, that " every order and decree made by a judge, who is disqualified by any of the other provisions of this act, shall be valid, unless an appeal shall be taken therefrom to the term of the Superior Court next after the making of such order or decree."   It appears of record that the appointment of Mrs. Ames was never appealed from, and her appointment therefore was valid by the provisions of this statute.

But it is said, that the judge of probate who made the appointment afterwards revoked the letters of administration granted to Mrs. Ames, which rendered the appointment null and void, and that consequently there was afterwards no order or decree making the appointment, to appeal from. .  ·

But the record discloses no such revocation.   All that can be said is, that the judge of probate, on the 18th day of July, 1871, was of the opinion that his interest in the National Iron Bank, (which was a creditor of the estate on which Mrs. Ames had been appointed administratrix with the will annexed,) disqualified him to act as judge of probate in the settlement of the estate ; and thereupon he caused his opinion of the law to be entered upon the record, and passed an order providing for the citation of a judge of probate from an adjoining district, to act as judge in the settlement of the estate and in granting letters of administration thereon.

He did not intend to revoke the appointment of Mrs. Ames, but simply made a declaration of record that he was disqualified.   He doubtless entertained the opinion that the appointment which he had made was null and void, on account of his interest, for his order regarding the citation of a judge from an adjoining district discloses the fact.   He says in effect that one of the duties that such judge will have to perform, will be the granting of letters of administration on the estate.   But his opinion of the law regarding his disqualification, and

whether the appointment he had made was void or not by rea-son thereof, although entered upon record, is not important. If the appointment was void, his declaration to that effect, entered upon record, did not make it any the more so. If the appointment was not void, (and we have seen that it was not, but valid because it was not appealed from,) his declaration to the contrary did not make it so.

We search this record in vain to find any revocation of the appointment of Mrs. Ames, either by the judge who made it, or by the judge from the adjoining district. The judge of the adjoining district seems to have entertained the same opinion regarding the appointment of Mrs. Ames that the judge of the district entertained. He considered that the appointment was void by reason of the interest of the judge who made it, and he likewise caused a declaration to be made of record to that effect, and commenced *de novo* the settlement of the estate.

It follows therefore, that inasmuch as Mrs. Ames was the legal administratrix with the will annexed, when the appoint-ment of Oliver Ames was made, his appointment was irregu-lar on the ground that there was no vacancy in the adminis-tration to fill.

The view we have taken of this question renders it unnec-essary to consider the other questions made in the case, although some of them seem to be decisive of the case of the plaintiff in error.

It might well be questioned, whether, if the court of pro-bate holden by either of these judges had attempted to revoke the appointment of Mrs. Ames, it would have been valid with-out first giving her an opportunity to be heard. And it might further well be questioned whether, if the appointment of Mrs. Ames had been void *ab initio* on account of the interest of the judge of the court that made it, she was not entitled by law to the appointment, when the appointment of Oliver Ames was made, if she was qualified and willing to serve.

But it is unnecessary to consider these questions, and we leave them as we find them.

There is no error in the judgment complained of.

In this opinion the other judges concurred; Judges MINOR and GRANGER of the Superior Court sitting in the places of Judge FOSTER, who tried the case in the court below, and of Judge SEYMOUR, who was disqualified by interest.