THE HARTFORD NATIONAL BANK AND TRUST COMPANY ET AL., TRUSTEES (ESTATE OF HARRIET DAY HANSEL) *v.* GEORGE MALCOLM-SMITH, CONSERVATOR (ESTATE OF HENRY P. HASTING), ET AL.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, JS.

Argued April 14—decided May 8, 1942.

68

*Reese H. Harris, Jr.,* with whom was *Charles Welles Gross,* for the appellant (named plaintiff).

*John Buckley,* for the appellee (defendant Alex W. Creedon, successor trustee).

*William M. Harney,* for the appellee (named defendant).

MALTBIE, C. J.   The named plaintiff, hereafter referred to as the plaintiff, and Robert Day Hastings were trustees of a trust created by the will of Harriet Day Hansel for the benefit of Henry P. Hastings.   On April 29, 1941, the Probate Court removed them on the ground that Hastings had neglected to perform the duties of his trust and had wasted the estate by borrowing a considerable sum of money, and that the bank had neglected to perform its duty in permitting the assets of the fund to be wasted in that it failed to inform itself of the conduct of Hastings and to take steps to prevent a further waste to the fund by reason of his actions.   The Probate Court acted under the provisions of § 4962 of the General Statutes, which provides that when any executor or administrator or any person acting in a fiduciary capacity shall neglect to perform his duties or waste the estate in his charge the Court of Probate having jurisdiction may remove him after notice and hearing.   The plaintiffs took an appeal from the decree to the Superior Court.   The trustee for Henry P. Hastings and the conservator of his estate moved to erase the appeal on the ground that

the plaintiffs were not "aggrieved" by the decree under the provisions of § 4990 of the General Statutes, which authorizes an appeal from a decree of the Probate Court to be taken by any person "aggrieved" by it. The trial court erased the appeal and the plaintiff has appealed to this court.

No person has the right to appeal except a person aggrieved, and no person can be aggrieved within the meaning of the statute unless he is interested in the estate, either as creditor, legatee or heir-at-law, or in some pecuniary manner. A grievance to his feelings of propriety or sense of justice is not such a grievance as gives him a right of appeal. *Norton's Appeal,* 46 Conn. 527, 528. The appellant must show a "direct pecuniary interest" which will be affected by the decree. *Averill* v. *Lewis,* 106 Conn. 582, 587, 138 Atl. 815. That the conclusion of the Probate Court holding the plaintiff bank guilty of a breach of trust might affect its standing and reputation as a professional fiduciary is too remote an interest to make it an "aggrieved" party within the meaning of the statute.

A trustee removed by the Probate Court is ordinarily not entitled to appeal from the decree removing him. *Avery's Appeal,* 117 Conn. 201, 202, 167 Atl. 544; *Spencer's Appeal,* 122 Conn. 327, 331, 188 Atl. 881. In *Avery's Appeal* we reviewed our decisions with reference to the persons to whom the statute grants a right of appeal; the plaintiff had been appointed administrator of an estate, subsequently a will of the deceased was admitted to probate and the plaintiff's appointment as administrator was revoked; he sought to appeal from the decree of the court admitting the will to probate, and we held that he was not "aggrieved" by the decree, saying (p. 206): "So, here, while Avery might be held to be so interested and aggrieved as to give him standing as appellant from an order fixing

his compensation for services up to the time of the revocation of his appointment as administrator or affecting the validity of his acts as such and which might involve personal liability therefor, this would not be true as to deprivation of future compensation as administrator." In its brief the plaintiff states that it does not wish to continue or to be reinstated as trustee, and the principal ground upon which it rests its right to appeal is that the finding of the Probate Court that it had neglected its duty would be res adjudicata should it be sued for damages for such a fault and that, therefore, it has a pecuniary interest justifying the appeal.

Under certain circumstances the decree of the Probate Court acting within the jurisdiction vested in it would be res adjudicata upon the issues determined by it, though the court is one of limited jurisdiction. *Gates* v. *Treat*, 17 Conn. 388, 392; 2 Freeman, Judgments (5th Ed.), § 809. It is, however, fundamental that in order to make a judgment res adjudicata as regards the issues determined in it the person claimed to be bound by it should have been a party to the first action in the same capacity that he is to the second. *Fuller* v. *Metropolitan Life Ins. Co.*, 68 Conn. 55, 65, 35 Atl. 766; *Collins* v. *Hydorn*, 135 N. Y. 320, 324, 32 N. E. 69; 30 Am. Jur. 956, § 224. Where a person is a party to one action solely as trustee, the judgment does not constitute res adjudicata against him as to the issues therein determined in another action to which he is party solely in his individual capacity. *Clarke's Appeal*, 70 Conn. 195, 209, 39 Atl. 155; *First National Bank* v. *Shuler*, 153 N. Y. 163, 173, 47 N. E. 262; *Kager* v. *Brenneman*, 47 App. Div. 63, 67, 62 N. Y. S. 339; *Bamka* v. *Chicago, St. P., M. & O. R. Co.*, 61 Minn. 549, 552, 63 N. W. 1116; *Chandler* v. *Lumber Co.*, 131 Tenn. 47, 50, 173 S. W. 449; 1 Freeman, op. cit., § 419; 30 Am. Jur. 957, § 224.

The plaintiff was a party to the proceedings before the Probate Court solely in its capacity of trustee, and no question arose or could arise as to its individual liability for breach of trust. If an action should be brought to recover damages for a breach of trust based upon the same facts as were before the Probate Court, the finding of that court that it had been guilty of such a fault would not constitute res adjudicata. It follows that the plaintiff's claim presents insufficient ground to take the case out of the general rule that one acting in a representative capacity is not "aggrieved" within the meaning of the statute by a decree removing him from office. The case was properly erased.

There is no error.

In this opinion the other judges concurred.