ARTHUR T. O'LEARY *v*. ESTATE OF KATHERINE E. PRICE

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 86144

Memorandum filed August 14, 1952.

*Hirschberg, Pettengill & Strong,* of Greenwich, for the Plaintiff.

*Cummings & Lockwood,* of Stamford, for the Defendant.

MOLLOY, J. Katherine E. Price died on November 23, 1951, a resident of Greenwich. On November 29, 1951, her will dated June 27, 1950, and a codicil dated May 14, 1951, were offered for probate. Arthur T. O'Leary, a New York attorney named as one of the executors in the will, which he drew, but omitted as an executor from the codicil, which he did not draw, urged the admission of the will to probate, but opposed the admission of the codicil. After a hearing, the Probate Court of Greenwich on January 8, 1952, admitted both documents to probate and issued letters testamentary to the executors named in the codicil, Bishop Eugene J. McGuinness, Carlton F. Bain, Charles S. Reilley and the Greenwich Trust Company, all of whom have qualified and are acting in such capacity except one, Mr. Reilley, who died March 2, 1952.

O'Leary has appealed to this court from so much of the order of the Probate Court as admits the codicil to probate. The executors have filed a plea in abatement and to the jurisdiction. The basis of

their plea is that O'Leary has no standing to appeal from the order of the Greenwich Probate Court because he is not a "person aggrieved" by the order, within the meaning of General Statutes, § 7071; that "in his representative or individual capacity or otherwise, [he] lacks the necessary direct *pecuniary interest* to entitle him to appeal from the decree of said Court."

The provisions of the will and codicil which are material to this discussion are these, briefly: Article thirteenth devises the residuary estate to the executors to be applied to such charitable uses as they, from time to time, in their absolute discretion shall unanimously appoint. Article nineteenth named and appointed O'Leary and Bishop McGuinness as coexecutors of the will. Article fourteenth of the will provides that in the event of a failure of the charitable uses provided above, then the residuary goes to the "two executors" absolutely, "confident that they or he will carry out my wishes in the charitable distribution of my estate."

The codicil by article first removes O'Leary and substitutes the executors listed above. Article second of the codicil defines charitable, religious and educational organizations as "gifts which are deductible under the Federal estate tax law." Article third cancels article fourteenth of the will.

O'Leary's position depends upon the validity of his three claimed interests under the will: (1) his appointment as one of the executors, (2) his power as one of the executors to participate in the selection of charitable residuary legatees, and (3) his interest as a legatee under the provisions of article fourteenth of the will.

Section 7071 of the General Statutes provides as follows: "Appeals from probate. Any person aggrieved by any order, denial or decree of a court of

probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court in the county where such court of probate is held, but he shall give bond, with sufficient surety to the state, to prosecute such appeal to effect."

In other words, O'Leary, to maintain this appeal, must be a "person aggrieved" by the order of the Probate Court. *Beard's Appeal,* 64 Conn. 526, 533, said: "The term 'aggrieved,' as used in our statute as to appeals from probate, applies only to those who can show a *direct pecuniary interest* in the matter in controversy" (italics supplied.).

O'Leary is not, it would seem clear from the cases, an "aggrieved person" by reason of his nomination as an executor under the will and his subsequent removal by the codicil, and, therefore, has no standing on that ground to appeal from the order admitting the codicil to probate. *Avery's Appeal,* 117 Conn. 201; *Spencer's Appeal,* 122 Conn. 327; *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67; *Disbrow's Appeal,* 9 Conn. Sup. 251 (*Inglis, J.*). The analysis made by the briefs of the executors and heirs-at-law of the role of the executor seems clear and sound and leaves little, if any merit, to the claims of the appellant in this regard.

The second claim of O'Leary that he is a "person aggrieved" is based on the argument that his standing as appellant comes from his capacity as executor empowered under article thirteenth of the will to select the charitable beneficiaries to whom the residuary estate of the testatrix is to be distributed; that, therefore, he has a personal interest in the estate, "a direct pecuniary interest." In discussing this point, the court is not inclined to go into a long dissertation on the law, which has been so well set forth and analyzed in the briefs; that would be merely repetition. What the parties want is a decision which

will get this matter on its way to a final determination. In *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* supra, 69, the Supreme Court said, "A trustee removed by the Probate Court is ordinarily not entitled to appeal from a decree removing him," citing the *Avery* and *Spencer* cases. Also O'Leary's power to select charitable beneficiaries could be exercised only jointly with his coexecutor; in other words, there could not exist a class of beneficiaries to be named by O'Leary under article thirteenth without concurrence of Bishop McGuinness. O'Leary, as trustee under article thirteenth, does not acquire any personal or individual pecuniary interest. As the briefs express it, Oleary's only beneficial interest is as to future compensation accruing from the performance of his duties as cotrustee of the residuary. The right to future compensation as trustee falls far short of the "direct pecuniary interest" required by the statute. *Spencer's Appeal,* supra. In other words, O'Leary's right to act under article thirteenth of the will is no different from the right to act as executor under article nineteenth.

The third claim of O'Leary relates to the proposition that he has an interest as a legatee under article fourteenth. The testatrix made it clear that only in the event that her charitable trust under article thirteenth failed in whole or in part would the gifts under article fourteenth take effect; and there can be no concern on this point, because of § 6883 of the General Statutes, which provides: "Charitable uses to be determined by trustee. Any person may, by will, deed or other instrument, give, devise or bequeath property, real or personal or both, to any trustee or trustees, and may provide in such instrument that such property so given, devised or bequeathed shall be held in trust and the income or principal applied in whole or in part for any charitable purpose. No donor or testator shall be required to designate in such will, deed or other

instrument the particular charitable purpose or class of purposes for which such property shall be used or such income applied. Any such gift, devise or bequest shall be valid and operative, provided the donor or testator shall give to the trustee or trustees thereof or to any other person or persons, the power to select, from time to time and in such manner as such donor or testator may direct, the charitable purpose or purposes to which such property or the income thereof shall be applied; and no such gift, devise or bequest, accompanied by such power of selection, shall be void by reason of uncertainty."

Article thirteenth meets the requirements of the statute and the law. She provided that the residuary "be paid or applied to such charitable uses [religious, educational, etc.], as my executors, unanimously, from time to time, in their absolute discretion, shall decide, appoint and designate." Article fourteenth cannot take effect, because article thirteenth must fail in order for article fourteenth to take effect. In other words, the contingency in article fourteenth cannot occur. In addition, it is inconceivable, as the court reads the language of the pertinent clauses of this will, that the testatrix intended that her executors were to take any beneficial interest in her estate; her intentions were that the residue of her estate was to go to charitable purposes.

Therefore, O'Leary is not a person aggrieved within the meaning of § 7071 either by reason of his appointment as executor or by reason of his interest as protector of the interest of unknown beneficiaries, or by reason of the grant under article fourteenth which cannot take effect.

The plea in abatement and to the jurisdiction is sustained and judgment may enter accordingly.