HARRY S. GAUCHER, JR., ADMINISTRATOR (ESTATE OF WENDELL H. CAMP) *v.* ESTATE OF WENDELL H. CAMP ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued October 2—decision released December 24, 1974

*Berkeley Cox, Jr.,* for the appellant (plaintiff).

*Myles J. Laffey,* with whom was *Herbert A. Lane,* for the appellees (defendants).

HOUSE, C. J. This is an appeal by the plaintiff from a judgment of the Superior Court sustaining the defendant's plea in abatement.

The facts in the case are not in dispute. The plaintiff, Harry S. Gaucher, Jr., was appointed by the Mansfield Probate Court to administer the intestate estate of Wendell H. Camp. Subsequently, a will executed by Camp was found and it was admitted to probate by the Mansfield Probate Court on January 22, 1973. The executrix named in the will having declined to serve, the Hartford National Bank and Trust Company was appointed administrator with the will annexed. The plaintiff, Gaucher, purporting to be the administrator of Camp's estate and claiming to be aggrieved by the decree of the Probate Court admitting the will and appointing the bank as administrator c. t. a., appealed to the Superior Court pursuant to § 45-288 of the General Statutes.[1] The bank, appearing specially, filed a plea in abatement to the plaintiff's appeal on the ground that the interest of the plaintiff did not appear in his motion for appeal from probate as required by § 45-293 of the General Statutes[2] and that he was not an aggrieved person as required by § 45-288 of the General Statutes. The Superior Court sustained the plea in abatement and the plaintiff has appealed to this court from its judgment.

The primary issue raised by the plea in abatement and on this appeal is whether the plaintiff was

[1] "[General Statutes] Sec. 45-288. APPEALS FROM PROBATE. Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the county where such court of probate is held, but he shall give bond, with sufficient surety to the state, to prosecute such appeal to effect."

[2] "[General Statutes] Sec. 45-293. INTEREST OF APPELLANT TO BE STATED. In each appeal from probate or from the doings of commissioners, the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate."

aggrieved and was thus entitled to appeal to the Superior Court the decision of the Probate Court admitting and allowing probate of the will of the deceased. Central to this issue is the question of whether, in the present case, the decree of the Probate Court appointing the bank as administrator with the will annexed operated as an implied revocation of the prior appointment of the plaintiff as administrator. The Superior Court decided that it did and the plaintiff has assigned that finding and conclusion as error.

The Probate Court had statutory authority to admit the will to probate and to revoke the prior order granting intestate administration. General Statutes § 45-188.[3] While there was no express revocation of the earlier decree naming the plaintiff administrator, such a revocation is, as the court found, implicit in the probate decree admitting the will to probate and appointing an administrator c. t. a. See *Johnson* v. *Brewn,* 277 Mo. 392, 210 S.W. 55; *In re Estate of Brinckwirth,* 266 Mo. 473,

[3] "[General Statutes] Sec. 45-188. PROCEDURE IF WILL IS FOUND AFTER PARTIAL SETTLEMENT. When it appears to any court of probate, during proceedings before it for the settlement of the estate of a deceased person as an intestate estate, that such deceased person left a will, such court shall have power to revoke any order or decree granting letters of administration upon such estate and any other order or decree made by such court in the settlement of such estate as an intestate estate, and such court may thereafter proceed with the settlement of such estate under such will, upon notice to all parties in interest as required in the settlement of testate estates; but the acts already done in good faith by the administrator of such estate in the settlement thereof shall be deemed valid to the same extent as if such letters had not been revoked. If an inventory and appraisal have been returned to the court by such administrator, no further inventory or appraisal shall be required, except of property not embraced in such inventory, and, if an order limiting the time for the presentation of claims against such estate has been passed and published, no further time shall be required to be given for presentation of such claims."

181 S.W. 403; *In re Estate of Suskin,* 214 N.C. 219; 198 S.E. 661; *Waltz's Appeal,* 242 Pa. 167, 88 A. 974; *Kern's Estate,* 212 Pa. 57, 61 A. 573; 31 Am. Jur. 2d 74, Executors and Administrators, § 109; note, 65 A.L.R.2d 1201, 1203–6 ; note, 8 A.L.R. 175, 177; 33 C.J.S., Executors and Administrators, § 78 (d). The logic of the situation in this case compels this conclusion although, of course, it would have been not only proper but better practice and would have obviated any possible confusion if the Probate Court had expressly revoked the earlier appointment of an administrator of the then apparently intestate estate. There can obviously be only one administration of the same estate in the same jurisdiction at the same time. *Terry's Appeal,* 67 Conn. 181, 186, 34 A. 1032. In view of the express provisions of § 45-188 of the General Statutes,[4] there can be no doubt of the power of the Probate Court to revoke its earlier appointment of the plaintiff as administrator, and the record adequately discloses that the plaintiff had notice of the hearing on the admission of the decedent's will and the court's decree.

Prior to the enactment of what is now § 45-188 of the General Statutes, there existed some doubt as to the extent of the power of the Probate Court in cases where during the settlement of an apparently intestate estate it was discovered that the deceased had in fact left a will. Since the court had already appointed an administrator of the intestate estate, it was questionable whether the court could upon discovery of the will revoke the letters of administration which had been granted to the administrator and proceed with the settlement of the estate under

---

[4] See footnote 3, supra.

the newly discovered will. See *Delehanty* v. *Pitkin,* 76 Conn. 412, 56 A. 881; *Terry's Appeal,* supra; *Ames's Appeal,* 39 Conn. 254, 258. Any doubt was set to rest and the power of the Probate Court to revoke any order or decree granting letters of administration and to proceed with the settlement of the estate under the will was clarified by the adoption of chapter 117 of the Public Acts of 1911 which is now General Statutes § 45-188.

We find no error in the court's conclusion that the probate decree admitting the will to probate and granting administration with the will annexed implicitly revoked and effectively terminated the prior intestate administration of the plaintiff.

The Superior Court further concluded that the plaintiff, having been removed as administrator, had no pecuniary interest entitling him to appeal; that he had no legal duty or right to appeal from the admission to probate of the will on behalf of the heirs; that he was not an "aggrieved person" as required by statute; General Statutes § 45-288; and that since he was not an aggrieved person, the Superior Court had no jurisdiction over the appeal. It was on the basis of these conclusions, all of which were attacked by the plaintiff, that the court sustained the defendant's plea in abatement.

In order to prosecute an appeal from a Probate Court, it is necessary that the plaintiff be aggrieved within the meaning of § 45-288. Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. "[T]he frequent statement that a plaintiff, to be aggrieved, must have a pecuniary interest; *Kerin* v. *Goldfarb,* [160 Conn. 463, 280 A.2d

143]; *Williams* v. *Houck,* 143 Conn. 433, 437, 123 A.2d 177; *Ciglar* v. *Finkelstone,* 142 Conn. 432, 434, 114 A.2d 925; *Weidlich* v. *First National Bank & Trust Co.,* 139 Conn. 652, 656, 96 A.2d 547; is too narrow to deal with the various types of cases presented by appeals from probate. See *O'Leary* v. *McGuinness,* 140 Conn. 80, 98 A.2d 660; *Spencer's Appeal,* 122 Conn. 327, 332–33, 188 A. 881; . . . 1 Locke & Kohn, . . . [Conn. Probate Practice] § 188." *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 338 A.2d 497. "In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected." *O'Leary* v. *McGuinness,* 140 Conn. 80, 83, 98 A.2d 660. The Superior Court found not only that the administrator, after having been removed, had no pecuniary interest in the estate but also that he had no duty to represent the heirs in the matter. In these circumstances, and since the interest of the plaintiff was not stated in the motion for appeal, nor was it apparent from the face of the proceedings and records that the motion was in compliance with the provisions of § 45-293 of the General Statutes, the Superior Court was without jurisdiction to hear his appeal. *Exchange Buffet Corporation* v. *Rogers,* 139 Conn. 374, 376–77, 94 A.2d 22. The mere allegation that he was aggrieved without supporting factual statements as to the particular nature of his aggrievement was insufficient. *Fitzhugh* v. *Fitzhugh,* 156 Conn. 625, 626, 239 A.2d 513; *Sacksell* v. *Barrett,* 132 Conn. 139, 43 A.2d 79.

It is well settled that once a party's authority to act as an administrator has been revoked, he can-

not, by reason of having held that position, appeal the admission to probate of a will. *Avery's Appeal,* 117 Conn. 201, 206, 167 A. 544; see also 33 C.J.S., Executors and Administrators, § 85 (j). The words of the Washington Supreme Court in *Cairns* v. *Donahey,* 59 Wash. 130, 133–34, 109 P. 334, as quoted with approval in *Avery's Appeal,* supra, 205–6, are apt: "We fail to understand how the administrator has any interest in the subject matter of this appeal, or how he is injuriously affected by the final order entered. He has no interest in the estate other than for compensation that may be due him." This court went on to say: "However, this appeal is taken in a representative capacity only and we cannot recognize any duty and right in the appellant to contend, by appeal, against the will, on behalf of heirs who so far as appears were quite capable and competent to protect themselves had their interests dictated such a course." *Avery's Appeal,* supra, 206.

We find no error in the conclusions of the Superior Court that the plaintiff was not an aggrieved person as required by statute and that the court had no jurisdiction over the appeal. Accordingly, the court properly sustained the defendant's plea in abatement.

There is no error.

In this opinion the other judges concurred.