JOSEPH C. STANLEY, SR. *v.* YVONNE K. STANLEY ET AL.

*(four cases)*

COTTER, LOISELLE, BOGDANSKI, LONGO and HEALEY, Js.

Argued April 7—decision released May 23, 1978

*Peter W. Rotella,* with whom was *A. A. Washton,* for the appellant (plaintiff).

*Andrew Brand,* for the appellee (named defendant).

BOGDANSKI, J.  These cases involve one and the same issue: whether the plaintiff-appellant has standing to appeal.

In 1971, the plaintiff, Joseph C. Stanley, Sr., established irrevocable gifts, pursuant to then §§ 45-101-45-109 (Uniform Gifts to Minors Act) of the General Statutes, for each of his minor children, Joseph C. Stanley, Jr. and Sharon Y. Stanley, and, as provided by the statute, appointed himself as custodian.

Sometime prior to August 13, 1974, the defendant Yvonne K. Stanley, mother of the two minor children, filed a petition with the Probate Court for the district of Groton seeking to remove the plaintiff as custodian of the two gifts. After a hearing, the Probate Court ordered the plaintiff to file two corporate surety bonds, each in the amount of $125,000, to insure the faithful performance of his duties as custodian. The Probate Court also indicated that the failure to file the bonds would constitute grounds for removal of the plaintiff as custodian. Upon the failure of the plaintiff to file the bonds, the Probate Court ordered him removed.

The plaintiff appealed to the Superior Court from the orders of removal and the orders for the filing of the corporate bonds.

In the Superior Court, the defendant moved to erase the appeals, alleging that the plaintiff was not aggrieved and lacked standing to appeal. That court determined that "the appellant, Joseph C. Stanley, Sr., does not have any direct pecuniary interest in the decree appealed from but that the essence of this appeal is the removal of the appellant in his capacity as a fiduciary." The court then concluded that the plaintiff was not aggrieved and granted the motion. From that judgment the plaintiff appealed to this court, assigning error in the court's action in sustaining the motion to erase.

The concept of standing is a practical one designed to assure that only those with a genuine and legitimate interest may appeal an order of the Probate Court. *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 484, 338 A.2d 497. A grievance to one's feelings of propriety or sense of justice is not a grievance which gives a right of appeal. *Norton's Appeal,* 46 Conn. 527, 528. On the other hand, the claim that to be aggrieved a plaintiff must have a pecuniary interest is too narrow a test to apply to appeals from probate. *Hartford Kosher Caterers, Inc.* v. *Gazda,* supra, and cases cited therein. Insofar as *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 26 A.2d 234, stands for the proposition that a personal pecuniary interest is required, it is hereby overruled.

"One serving in a fiduciary capacity has standing to appeal from any decree which adversely affects the interests of those for whom he is acting, if it is a part of his duty to protect those interests."

*O'Leary* v. *McGuinness,* 140 Conn. 80, 85, 98 A.2d 660; *Feigner* v. *Gopstein,* 139 Conn. 738, 742–43, 97 A.2d 267; *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 499–500,, 35 A.2d 837; *Spencer's Appeal,* 122 Conn. 327, 331, 188 A. 881; *Hennessy* v. *Denihan,* 110 Conn. 646, 650, 149 A. 250; *Gillette's Appeal,* 82 Conn. 500, 501, 74 A. 762.

In his appeals to the Superior Court, the plaintiff alleged that he is the statutory custodian of the gifts pursuant to § 45-103 and that the requirement of corporate surety bonds is an unreasonable burden on the funds and a waste of the assets. Those allegations suffice to establish aggrievement as a fiduciary and to give him standing to appeal from the orders requiring the posting of bonds.

Moreover, the plaintiff has standing to appeal the orders of removal. Section 45-264 of the General Statutes grants the right of appeal to any fiduciary who has been removed by the Probate Court.[1] A gift established pursuant to the Uniform Gifts to Minors Act constitutes an estate which comes under the jurisdiction of the Probate Court. Section 45-104 provides that a custodian under the act possesses certain fiduciary powers and duties. He has the duty to hold and protect the assets; to manage, invest and reinvest them; to use so much of the assets as he deems advisable for the minor's benefit, support, maintenance and education; and to invest and reinvest them as would a prudent man of discretion and intelligence who is seeking a rea-

---

[1] "[General Statutes] Sec. 45-264. APPEAL FROM REMOVAL OF FIDUCIARY. When any executor or administrator or any other person acting in a fiduciary capacity has.been removed for cause by a court of probate, as provided in section 45-263, such fiduciary may appeal from such order of removal . . . ."

sonable income. We, therefore, conclude that the plaintiff as custodian of the gifts may appeal from the orders of removal.

There is error, the judgments are set aside and the cases are remanded to be proceeded with according to law.

In this opinion the other judges concurred.