## JOSEPH WEILL *v.* JOSEPH I. LIEBERMAN, ATTORNEY GENERAL OF THE STATE OF CONNECTICUT (12450)

PETERS, C. J., PARSKEY, SHEA, DANNEHY and F. HENNESSY, Js.

Argued December 11, 1984—decision released January 29, 1985

*John W. Barnett,* for the appellant (plaintiff).

*John R. Whelan,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, *Robert W. Garvey,* assistant attorney general and *Bernard F. McGovern, Jr.,* associate attorney general, for the appellee (defendant).

PETERS, C. J. The only question on this appeal is whether General Statutes § 45-264 permits a fiduciary who has not factually alleged aggrievement to appeal to the Superior Court from his removal for cause by a Probate Court. Upon the application of the attorney

general of the state of Connecticut, the Probate Court for the district of Norwalk had removed Joseph Weill and Kalman I. Nulman, the duly appointed co-executors of the will of Daphne Seybolt Culpeper, when the co-executors were unable to agree on the formation of a charitable foundation that was the sole beneficiary of the Culpeper estate. Both Weill and Nulman appealed their removal to the Superior Court. The attorney general filed motions to dismiss both appeals for failure to show aggrievement. The trial court granted the attorney general's motion with regard to the plaintiff Weill only.[1] Weill then appealed to this court from the dismissal of his appeal from probate. We find error.

The plaintiff's claim that he is entitled to appeal his removal by the Probate Court has a statutory rather than a factual basis. Concededly, the statement accompanying his Probate Court appeal lacked the factual indicia of common law aggrievement. All he alleged was: that he was co-executor under the will of Daphne Culpeper; that he was removed as such by order and decree of the Probate Court; and that he "is aggrieved by the Order and Decree of [that] Court." This factual inadequacy is, however, irrelevant if the plaintiff is statutorily aggrieved. Such statutory aggrievement can be found, according to the plaintiff, in General Statutes § 45-264 (a), which provides: "When any fiduciary has been removed for cause by a court of probate, as provided in section 45-263, the fiduciary may appeal from such order of removal in the manner provided in chapter 796."

There is no dispute about the established rule that appeals from Probate Court decisions are statutory

---

[1] According to the trial court, Nulman had adequately alleged aggrievement by stating, with regard to the order of removal, that "among other things, [he had] a pecuniary interest adversely affected thereby."

appeals that ordinarily require the appellant to establish his interest and the nature of his aggrievement. General Statutes §§ 45-288, 45-293;[2] *Baskin's Appeal from Probate,* 194 Conn. 635, 637–38, 484 A.2d 934 (1984); *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 513, 429 A.2d 967 (1980); *Gaucher* v. *Estate of Camp,* 167 Conn. 396, 400–401, 355 A.2d 303 (1974); *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 482, 338 A.2d 497 (1973). The governing statutory provisions, which define the jurisdiction of the Superior Court to entertain appeals from probate, are contained in chapter 796 of the General Statutes.

The question that divides the parties is what meaning to attribute to the clause in § 45-264 (a) that allows a fiduciary to appeal "in the manner provided in chapter 796." The plaintiff maintains that this language incorporates only the procedures for appeal set out in chapter 796, while the defendant maintains that it incorporates as well the aggrievement requirement of §§ 45-288 and 45-293.

---

[2] "[General Statutes] Sec. 45-288. APPEALS FROM PROBATE. Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the superior court for the judicial district in which such court of probate is held. Except in the case of an appeal by the state, such person shall give security for costs in the amount of one hundred fifty dollars, which may be paid to the clerk, or a recognizance with surety annexed to the appeal and taken before the clerk or a commissioner of the superior court or a bond substantially in accordance with the bond provided for appeals to the supreme court. Appeals from any decision rendered in any case after a record is made under sections 51-72 and 51-73 shall be on the record and shall not be a trial de novo."

"[General Statutes] Sec. 45-293. INTEREST OF APPELLANT TO BE STATED. In each appeal from probate or from the actions of commissioners, the interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate."

The plaintiff's position finds support in the one case in which this court has had occasion to interpret § 45-264. In *Stanley* v. *Stanley,* 175 Conn. 200, 203, 397 A.2d 101 (1978), we stated categorically that the statute "grants the right of appeal to any fiduciary who has been removed by the Probate Court." Although the defendant urges us to disregard this statement as dictum, our reading of the legislative history of the statute and of the established meaning of "in the manner provided" convinces us that *Stanley* v. *Stanley* was correct.

Under our law before the enactment of § 45-264, a removed fiduciary was "ordinarily not entitled to appeal from the decree removing him." *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 69, 26 A.2d 234 (1942); *Gaucher* v. *Estate of Camp,* supra, 401–402; *Avery's Appeal,* 117 Conn. 201, 205–206, 167 A. 544 (1933). These cases held that a fiduciary was not aggrieved, in the absence of some demonstrated pecuniary loss, by impairment of potential future compensation or injury to his status in the community as a professional fiduciary. From the perspective of more recent cases on the law of standing, these precedents may well have taken too narrow a view of the common law of aggrievement. See, e.g., *Maloney* v. *Pac,* 183 Conn. 313, 319–22, 439 A.2d 349 (1981); *Stanley* v. *Stanley,* supra, 202.[3] They nonetheless were the background against which the legislature decided in 1955 to enact § 45-264 to enlarge the rights of appeal of removed fiduciaries. That legislation would have been pointless if it had not been designed to put the aggrievement issue to rest.

---

[3] *Stanley* v. *Stanley,* 175 Conn. 200, 202, 397 A.2d 101 (1978), expressly overruled the holding in *Hartford National Bank & Trust Co.* v. *Malcolm-Smith,* 129 Conn. 67, 26 A.2d 234 (1942), that aggrievement requires the showing of a personal pecuniary interest.

When the General Assembly enacted § 45-264, the stated purpose of the legislation was to facilitate appeals by fiduciaries removed for cause. In the Senate, Senator Arthur H. Healey explained that the legislation was designed to allow "any fiduciary [who] has been ordered removed by the court of probate . . . to appeal . . . such removal." 6 S. Proc., Pt. 7, 1955 Sess., p. 2469. In the House, Representative Francis C. Cady said: "This bill gives the right of appeal to an executor, administrator or other fiduciary which was removed for cause by order of the probate court. This is a right which our committee felt any fiduciary should have . . . ." 6 H. R. Proc., Pt. 5, 1955 Sess., p. 2299.

The legislature's decision to couple its enlargement of fiduciaries' rights of appeal with the requirement that appeals be taken "in the manner provided in chapter 796" does not reinstate the prior rule that removed fiduciaries must prove their aggrievement. The words "in the manner" ordinarily refer "to the mode or way in which a thing is to be done." *Curry* v. *Civil Service Commission,* 125 Conn. 344, 345 n.1, 5 A.2d 846 (1939); see also *Union & New Haven Trust Co.* v. *Taylor,* 133 Conn. 221, 227, 50 A.2d 168 (1946). The reference is thus procedural rather than jurisdictional.

Furthermore, even if the cross-reference in § 45-264 to chapter 796 were to incorporate § 45-288, that section itself recognizes that an appeal from probate does not depend upon a showing of aggrievement if "otherwise specially provided by law." The legislature reserved to itself the power to establish aggrievement "specially" and, in enacting § 45-264, it exercised that power.

The trial court was therefore in error in its dismissal of the plaintiff's appeal from probate. The dismissal is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.