[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is an appeal from an order of the Hartford Probate Court dated July 14, 1994 accepting jurisdiction of a trust and denying the plaintiff's motion to dismiss.
The plaintiff is Virginia Condon Viscusi, acting on her own behalf and on behalf of her deceased daughter Virginia Condon. The defendant, Fleet Bank, is the named fiduciary of the trust involved. The underlying facts are not in dispute. CT Page 1785
Fleet is the trustee of a trust created in 1970 in which Virginia Condon Viscusi was the primary beneficiary. Condon filed an action in December of 1992 in the Judicial District of Danbury at Danbury alleging that Fleet had refused to follow the directions of the trust in refusing to allow Condon to change trustees; had breached its fiduciary duties; had violated CUTPA; and has refused to pay income from the trust to the plaintiff, even though the value is worth over $750,000.
On January 25, 1993, the court, Fuller, J., ordered Fleet to file an accounting with the Hartford Probate Court within one week of the order apparently pursuant to an agreement between Fleet and plaintiff's previous counsel. Fleet complied with this order on February 1, 1993. On June 8, 1994, Condon filed a motion in the probate court to dismiss the probate court proceeding. The probate court denied the motion to dismiss and accepted jurisdiction of the matter on July 14, 1994. On August 1, 1994, Condon filed a motion for appeal with the probate court, which was allowed on that same date.
On October 13, 1994, Fleet filed a motion to dismiss this appeal from probate on the grounds that the decree was interlocutory in nature and the probate court erred in allowing the appeal.
 I
Fleet claims that the decision of the probate court to accept jurisdiction is not on is not an "order, denial, or decree" under general statutes § 45a-186, and that the appeal from probate is premature and interlocutory and should be dismissed. No Connecticut decision has been brought to our attention on the issue of whether a party can appeal the decision of a probate court to accept jurisdiction.
It is well established that appeals from Probate Court decisions are statutory appeals that ordinarily require the appellant to establish his interest and the nature of his aggrievement. Weill v. Lieberman, 195 Conn. 123, 124-125, (1985). The absence of aggrievement deprives the Superior Court of jurisdiction to entertain the appeal. Baskin'sAppeal from Probate, 194 Conn. 635, 637, (1984). The two CT Page 1786 parts of aggrievement which need to be considered are: (1) the nature of the appellant's interest, and (2) the adverse effect, if any, of the Probate Court's decision on that interest. Erisoty's Appeal From Probate, 216 Conn. 514,520, (1990).
There is no question that the plaintiff has an interest in this action, since she is the beneficiary of the trust of which Fleet is the trustee.
However, there is no showing that Condon has been adversely affected by the probate court's decision to hear the action. To date, the probate court has simply agreed to hear the dispute between Condon and Fleet and has not made any "order, denial or decision" that affects Condon's substantive rights within the meaning of General Statutes § 45a-186. Since we conclude that the plaintiff is not aggrieved, this court has no jurisdiction to hear the appeal. Defendant's motion to dismiss is granted.