[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
General Statutes § 8-8 (a)(3) authorizes a zoning board of appeals to grant variances "provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed." On September 18, 1995, the Planning Zoning Commission of the City of Bridgeport approved an amendment to the zoning regulations which provided: "The Zoning Board of Appeals shall have all of the powers and duties prescribed by the General Statutes of the State of Connecticut and may adopt rules and procedures necessary to exercise its authority, however, it shall not have the power to grant variances, in districts in which such uses are not otherwise allowed."
The plaintiffs appealed from the enactment of that amendment. See General Statutes § 8-8. The court suo motu ordered the parties to appear in court to show cause why the appeal should not be dismissed for lack of any possibility of aggrievement. The plaintiffs appeared and were heard in oral argument. The plaintiffs eschew any claim of statutory aggrievement but claim that they are classically aggrieved. The court now dismisses the appeal.
"The jurisdictional requirement of aggrievement serves both practical and functional purposes in assuring that only those parties with genuine and legitimate interests are afforded an opportunity to appeal. Merrimac Associates, Inc. v. DiSesa,180 Conn. 511, 516, 429 A.2d 967 (1980). Aggrievement falls within two broad categories, classical and statutory. The factors involved in whether classical aggrievement exists are tempered by the subject matter of the litigation. A party has been classically aggrieved if it successfully demonstrates a specific, personal and legal interest in the subject matter of the CT Page 4752 decision, as distinguished from a general interest, such as the concern of all members of the community as a whole, and successfully establishes that this specific, personal and legal interest has been specially and injuriously affected by the decision. Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47,478 A.2d 601 (1984); Hall v. Planning Commission, 181 Conn. 442,444, 435 A.2d 975 (1980); Walls v. Planning Zoning Commission,176 Conn. 475 477-78, 408 A.2d 252 (1979); see Mystic MarinelifeAquarium, Inc. v. Gill, 175 Conn. 483, 491-93, 400 A.2d 726
(1978). Statutory aggrievement exists by legislative fiat, which grants appellants standing by virtue of a particular legislation, rather than by judicial analysis of the particular facts of the case. Weill v. Lieberman, 195 Conn. 123, 124-25, 486 A.2d 634
(1985); Pierce v. Zoning Board of Appeals, 7 Conn. App. 632,635-36, 509 A.2d 1085 (1986); see Buchholz's Appeal from Probate,9 Conn. App. 413, 415, 519 A.2d 615 (1987).
"The burden of demonstrating aggrievement rests with the plaintiff. Nickey v. New London, 153 Conn. 35, 37, 213 A.2d 308
(1965). The question of aggrievement is one of fact to be determined by the trial court. Glendenning v. ConservationCommission, 12 Conn. App. 47, 50, 529 A.2d 727, cert. denied,205 Conn. 802, 531 A.2d 936 (1987)." Zoning Board v. Planning Zoning Commission, 27 Conn. App. 297, 300-301, 605 A.2d 885
(1992).
Except where a zoning amendment targets particular property; see Nick v. Planning Zoning Commission, 6 Conn. App. 110,503 A.2d 620 (1986); general amendments to land use regulations usually do not satisfy the first prong of the two-rong [prong] test for classical aggrievement. Eisenbloss v. Brookfield ZoningCommission, Superior Court, Judicial District of Danbury, No. 315462 (1995); Park City Realty v. Zoning Commission, Superior Court, Judicial District of Fairfield, N. 307625 (1994) (Fuller, J.); Korby v. Plainville Planning Zoning Commission, Superior Court, Judicial District of Hartford-New Britain, No. 434816 (1989). No claim can be made that this amendment, which on its face is of general application, targets the plaintiffs' properties in particular. Moreover, the Supreme Court has now made clear that such general attacks on zoning regulations should be asserted in declaratory judgment actions, not in zoning appeals. Bombero v. Planning Zoning Commission, 218 Conn. 737,591 A.2d 390 (1991); see also Bombero v. Planning ZoningCommission, 40 Conn. App. 75, 669 A.2d 598 (1996). CT Page 4753
The appeal is dismissed.
Levin, J.