[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
The present appeal from probate arises out of the following facts. The defendants, who are the beneficiaries of the John Browning Faile Irrevocable Trust (Faile Trust), filed an application with the Probate Court for removal of the plaintiff, Fleet National Bank (Fleet), as trustee. The defendants filed their removal application pursuant to General Statutes § 45a-242 (a) (4), as amended by Public Acts 2001, No. 01-114.[1] The Probate Court held a hearing to consider the beneficiaries' petition and ordered that Fleet be removed as trustee of the Faile Trust. On or about May 29, 2002, Fleet filed an appeal under General Statutes § 45a-243,[2] which grants a fiduciary the right of appeal when it has been removed "for cause . . . as provided in section 45a-242. . . ." (Emphasis added.) The defendants filed a motion to dismiss, arguing that a fiduciary has no right to appeal from a Probate Court order of removal where, as here, the removal is based on grounds set forth in § 45a-242 (a) (4) and, as such, the fiduciary has not been removed for cause.
Section 45a-242 (a) (4) allows the Probate Court to remove a fiduciary if (1) removal is requested by all of the beneficiaries; (2) removal of the fiduciary best serves the interests of all the beneficiaries and is consistent with the material purpose of the governing instrument; and (3) a suitable successor fiduciary is available. The defendants argue that this subsection of the statute does not involve the removal of a fiduciary for cause and that, therefore, Fleet has no right to appeal. They argue that the right of appeal applies only to the other subsections of the statute for removals that involve neglect, lack of cooperation, unfitness and/or failure to perform the duties of a fiduciary.
The defendants' claim raise an issue of statutory construction, namely, whether the removal of a trustee pursuant to the provisions of § 45a-242 (a) (4) is one "for cause," enabling the trustee to appeal pursuant to § 45a-243. At common law, a removed fiduciary was
CT Page 14003
ordinarily not entitled to appeal from the decree removing him. "Under our law before the enactment of § [45a-243], a removed fiduciary was ordinarily not entitled to appeal from the decree removing him. . . . These cases held that a fiduciary was not aggrieved, in the absence of some demonstrated pecuniary loss, by impairment of potential future compensation or injury to his status in the community as a professional fiduciary." (Citations omitted; internal quotation marks omitted.) Weillv. Lieberman, 195 Conn. 123, 126, 486 A.2d 634 (1985). Section 45a-243
is, therefore, in derogation of the common law. Accordingly, this court's construction must be guided by the well established principle in Connecticut that "[w]hen a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of [statutory] construction." (Internal quotation marks omitted.) Vitanza v. Upjohn Co., 257 Conn. 365,381, 778 A.2d 829 (2001); see also Mack v. LaValley, 55 Conn. App. 150,169, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999);Rolfe v. New Britain General Hospital, 47 Conn. Sup. 296, 305-06,790 A.2d 1194 (2001).
"When the General Assembly enacted § [45a-243], the stated purpose of the legislation was to facilitate appeals by fiduciaries removed for cause." (Emphasis added.) Weill v. Lieberman, supra, 195 Conn. 127. The term "for cause" is defined as "for a legal reason or ground"; Black's Law Dictionary (7th Ed. 1999); and "a reason that is relevant to ability and fitness to perform one's duty." West's Legal Dictionary (Special Deluxe Ed. 1986). In the present case, in accordance with § 45a-242
(a) (4), it was agreed upon by all beneficiaries, and found by the Probate Court, that removal of Fleet would serve the beneficiaries' best interests in that the successor trustee handles other trusts for the beneficiaries, could provide more personalized services than Fleet and would charge lower fees than Fleet. As such, the removal petition was not based on Fleet's conduct or inability to perform its duties.
Moreover, in Stanley v. Stanley, 175 Conn. 200, 397 A.2d 101 (1978), the court noted that the "concept of standing is a practical one designed to assure that only those with a genuine and legitimate interest may appeal an order of the Probate Court." Id., 202. Although the court found that aggrievement encompassed more than just pecuniary loss, it held that "[o]ne serving in a fiduciary capacity has standing to appeal from any decree which adversely affects the interests of those for whom he is acting, if it is a part of his duty to protect those interests." (Internal quotation marks omitted.) Id.; see also Honan v. Greene,37 Conn. App. 137, 144, 655 A.2d 274 (1995) (aggrievement as concept of standing is practical and functional one designed to assure that only
CT Page 14004
those with genuine and legitimate interest can appeal order of Probate Court). In the present case, the nature of the appellant's interest concerns solely a loss of business and not what is in the best interests of the trust.
For the foregoing reasons, the court finds that the plaintiff was not removed as fiduciary for cause, as required by § 45a-243, and, therefore, has no standing to bring this appeal. The defendants' motion to dismiss is therefore granted.
 ___________________, J. Koletsky, J.