[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
Defendants Estate of Julia Simaitis and Paul Hudon, administrator of the estate, move to dismiss plaintiffs entire complaint on the grounds of plaintiffs lack of standing and this court's lack of subject matter jurisdiction; they move to dismiss the first count of the complaint on the ground it is the subject of a prior pending action. Defendant's Richard W. Perkett and Mildred K. Perkett move to dismiss on the grounds of this court's lack of subject matter jurisdiction and the prior pending action doctrine.
The facts are as follows. Plaintiffs complaint alleges that the estate of Julia M. Simaitis was admitted to probate by the Probate Court for the district of Glastonbury and Paul A. Hudon was duly appointed administrator, c.t.a. on February 27, 1998. An asset of the estate was real property known as 311 Hebron Avenue, Glastonbury. On or about August 3, 1998 defendant Richard W. Perkett submitted an offer to purchase the real property for $139,000, subject to zoning contingencies and other conditions. On October 12, 1998 plaintiff submitted an offer to purchase the CT Page 6152 real property for $135,000 cash with no contingencies or conditions. An application for permission to sell real estate, based on Perkett's offer, was filed with the probate court and set down for a hearing. That court allowed Perkett to amend his offer by eliminating all contingencies. Plaintiff was present at the hearing but was not allowed to amend his offer for purchase of the property.
On November 12, 1998 the court entered a decree empowering the fiduciary to sell the property to Perkett for $139,000 in cash. The decree provided: "Buyer has removed all `as is' contingencies and is ready, willing and able to consummate purchase within five (5) days of the end of appeal period."
On December 11, 1998, plaintiff timely filed with the probate court a motion for appeal of the aforesaid decree opposing the sale on the following grounds: (1) the court abused its discretion in allowing Perkett to amend his bid and not allowing plaintiff to do so; (2) the proceeding violated plaintiff's right to a fair hearing and due process; (3) fiduciary failed to ascertain the best offer in the best interest of the estate; (4) the court hearing deviated from the noticed application before it, and (5) the court proceeded on a matter not properly before it.
On December 11, 1998 the probate judge entered a decree, noting plaintiffs claim to be aggrieved, and ordered that the appeal be allowed.
On December 14, 1998 defendant Hudon, as administrator of the estate, executed a deed of the Hebron Avenue property to defendant Richard W. Perkett. On December 14, 19989 Richard Perkett executed a quit claim deed conveying the property to himself and Mildred K. Perkett as joint tenants with rights of survivorship.
In the first count plaintiff claims the deed by Hudon to Richard Perkett is illegal, invalid, and defective because it was executed while an appeal was pending from the decree approving the sale and because the deed violated the decree providing the sale would not take place until after the appeal period ran. Plaintiff seeks an order of this court invalidating the conveyance from the administrator to Richard Perkett. In the second count plaintiff seeks an order of this court invalidating the conveyance from Richard Perkett to Mildred Perkett. CT Page 6153
The third count sounds in negligence, alleging the administrator failed to determine whether or not an appeal had been taken from the probate court decree approving the sale to Perkett and lacked authority to make the conveyance pending the appeal. In this count plaintiff seeks monetary damages from a denial of his rights to a fair hearing and due process.
The essence of plaintiff's first and second counts is to preserve the status quo as to title to the Hebron Avenue property during the pendency of the appeal of the probate decree approving the sale.
A peculiarity of probate law is that an appeal of a probate court decree to the superior court does not invoke a stay of the decree. As stated in Silverstein's Appeal from Probate 13 Conn. app. 45, 54 (1987); "The order remains intact until modified by a judgment of the Superior Court after a hearing de novo of the issues presented for review by the reasons of the appeal." See also Satti v. Rago, 186 Conn. 360, 369 (1982); Folson, Ralph,Conn. Estate Practice (1992) § 7.7. Thus, plaintiff in his first two counts is not seeking relief in opposition to the probate court decree but in support and furtherance of it.
A motion to dismiss admits all facts well pleaded. Carl J.Herzog Foundation. Inc. v. University of Bridgeport,41 Conn. App. 790, 793 (1996). Moreover, in ruling upon whether or not a complaint survives a motion to dismiss, the court must construe the complaint in a manner most favorable to the plaintiff.Mahoney v. Lensink, 213 Conn. 548, 567 (1990).
Defendant Hudon asserts as his first ground for dismissal that plaintiff lacks standing to prosecute the first two counts because as an unsuccessful bidder, he has no interest in the cause of action. "Standing is the legal right to set judiciary machinery in motion." Ardmare Construction Co. v. Freedman,191 Conn. 467, 501 (1983). "Standing is not a technical rule intended to keep aggrieved parties out of court. . . . Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjustifiable interests and that judicial decisions which may affect the right of others are forged in hot controversy, with each view fairly and rigorously represented." Gay and Lesbian Students Association v.Board of Trustees, 236 Conn. 453, 463 (1996), quoting ConnecticutAssociation of Health Care Facilities. Inc. v. Worrell,
CT Page 6154199 Conn. 609, 612-13 (1986). Standing requires that the plaintiff "has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title of interest in the subject matter of the controversy." ArdmareConstruction Co. v. Freedman, supra, p. 501. The objectives of standing are "held to have been met when a complainant makes a colorable claim of direct injury he has suffered, or is likely to suffer, in an individual or representative capacity."Weidenbacker v. Duclos, 234 Conn. 51, 62 (1995).
In this action, plaintiff invokes the jurisdiction of this court to retain the status quo of title to the Hebron Avenue property until the determination of the appeal from the probate court decree approving the sale of the property. Since there is no automatic stay to a probate court decree, this court has the jurisdiction to grant one. The plaintiff as the appellant in that appeal clearly has a "legal or equitable right . . . or interest in the subject matter of that controversy." Ardmare ConstructionCo. v. Freedman, supra, p. 501. He also makes a "colorable claim of direct injury he has suffered or likely to suffer in an individual . . . capacity." Weidenbacker v. Duclos, supra, p. 62. Since plaintiff claims to be aggrieved in that appeal, this court must accept that fact as true for purposes of this motion to dismiss. Carl J. Herzog Foundation Inc. v. University ofBridgeport, supra, p. 793.
Although this court does not believe its jurisdiction in this case is dependent on whether or not plaintiff is "aggrieved" within the meaning of C.G.S. § 45a-186 in order to have standing to prosecute his appeal of the probate decree, this court, nevertheless, finds he is aggrieved. In 1955 the Supreme Court held in Kaskel v. Steinberg, 142 Conn. 379, 384 that a prospective purchaser of estate real property had no direct pecuniary in the controversy and so was not aggrieved, within the meaning of § 45a-186 to appeal a probate court order approving sale of the property to another. However in Stanley v.Stanley, 175 Conn. 200, 202 (1978) the court found "the claim that to be aggrieved a plaintiff must have pecuniary interest is too narrow a test to apply to appeals from probate." Instead as the court said in Merrimac Associates v. DeSesa, 180 Conn. 511,516 (1980) "the existence of aggrievement depends upon" whether there is a possibility, as distinguished from a certainty that some legally protected interest which [an appellant] has in the estate has been adversely affected." In that case the court held that when a potential purchaser was denied "due process of law in CT Page 6155 the court approving the sale . . . he was injured in fact and aggrieved under General Statutes § 45-288 [predecessor to § 45a-186]."
In its appeal of the probate decree approving the sale here, plaintiff claims a denial of due process and elemental fairness when Richard Perkett was allowed by the court to change his offer of purchase and the plaintiff was not.
In Bishop v. Bordonaro, 20 Conn. App. 58 (1989) the Appellate Court held that an unsuccessful purchaser of estate property was aggrieved and had standing to appeal a probate court order opposing he sale. The court said, "The general rule is that a disappointed bidder lacks standing to commence a legal action. . . . . In probate matters, however, a much broader base of aggrievement is created by General Statute § 45-288
[predecessor to § 45a-186]. "While one who bids upon property of an estate offered for sale has no interest in the property itself, he does have an interest in the proceedings employed by the court to approve the sale.' [Citation omitted]. Under this broad definition of aggrievement, the plaintiff had standing to appeal the Probate Court's order to the Superior Court."
Thus, the court finds the plaintiff in this case has standing to bring his complaint.
Defendant's Hudon and the Perketts invoke the prior pending action doctrine as grounds for dismissing counts one and two. They are right that this doctrine does invoke the jurisdiction of the court Halpern v. Board of Education, 196 Conn. 647, 652
(1985). Their argument, however, that this law suit and the appeal from the probate court decree are "virtual alike", and adjudicate "the same underlying rights", Id. is fallacious. In this law suit the plaintiff is seeking to have the court declare the administrator deed to Perkett invalid because it was executed before the appeal has been determined. It is a different claim from the appeal itself. Moreover, as stated in Silverstein'sAppeal from Probate, 13 Conn. App. 45, 54 (1987), "In a probate appeal, the Superior Court cannot consider events that occurred after the issuance of the order or decree appealed from." Since the administrator deed to Perkett was signed after the decree, it cannot be the subject of the appeal.
Defendants Perketts argue as further grounds for dismissal that this suit is a "collateral attack" upon the probate decree CT Page 6156 in violation of § 45a-24. However, as stated above, the case does not countervail the appeal, but seeks to preserve the status quo of title to the subject property until that appeal is decided.
Finally, defendant Hudon urges dismissal of the third count of the complaint sounding in negligence, on the grounds the fiduciary owes no duty of due care to plaintiff. This may be a ground to strike the count for failing to state a cause of action, but it is not ground for dismissing the count for lack of jurisdiction. Glen Falls Insurance Company v. Somers,146 Conn. 708, 712 (1959); Textron v. Wood, 167 conn. 334 (1974).
Since the defendant Estate of Julia Simaitis does not have a legal entity, it cannot be sued. Isaac v. Mt. Sinai Hospital,3 Conn. App. 558, 600, (1985). The complaint may be dismissed against it.
For the foregoing reasons the motions of Paul Hudon administrator c.t.a and defendants Richard and Mildred Perkett to dismiss the counts against them are denied.
Satter, SJR.