## FLEET NATIONAL BANK'S APPEAL FROM PROBATE
### (SC 16905)

Sullivan, C. J., and Norcott, Katz, Palmer and Zarella, Js.

Argued September 22, 2003—officially released January 6, 2004

*William J. Wenzel,* with whom was *Brian C. Roche,* for the appellant (plaintiff).

*Kerry M. Wisser,* with whom were *Nathan Schatz* and *Paul Mersereau,* for the appellees (defendants).

*Richard Blumenthal,* attorney general, and *Eliot D. Prescott* and *Maureen Regula,* assistant attorneys gen-

eral, filed a brief for the office of the attorney general as amicus curiae.

*Opinion*

NORCOTT, J. The dispositive issue in this appeal is whether a fiduciary, which has been involuntarily removed from its position by an order of the Probate Court under the authority of General Statutes (Rev. to 2001) § 45a-242 (a), as amended by Public Acts 2001, No. 01-114 (P.A. 01-114),[1] has been removed "for cause"

[1] Public Act 01-114, which was entitled "An Act Concerning the Removal of a Fiduciary," took effect on October 1, 2001, and substantially revised § 45a-242 (a). Prior to P.A. 01-114, General Statutes (Rev. to 2001) § 45a-242 (a) provided: "If any fiduciary becomes incapable of executing his trust, neglects to perform the duties of his trust, wastes the estate in his charge, or fails to furnish any additional or substitute probate bond ordered by the court, the court of probate having jurisdiction may, upon its own motion, or upon the application and complaint of any person interested or of the surety upon the fiduciary's probate bond, after notice and a hearing, remove such fiduciary."

Following the enactment of P.A. 01-114, General Statutes § 45a-242 (a) now provides: "The court of probate having jurisdiction may, upon its own motion or upon the application and complaint of any person interested or of the surety upon the fiduciary's probate bond, after notice and hearing, remove any fiduciary if: (1) The fiduciary becomes incapable of executing such fiduciary's trust, neglects to perform the duties of such fiduciary's trust, wastes the estate in such fiduciary's charge, or fails to furnish any additional or substitute probate bond ordered by the court, (2) lack of cooperation among cofiduciaries substantially impairs the administration of the estate, (3) because of unfitness, unwillingness or persistent failure of the fiduciary to administer the estate effectively, the court determines that removal of the fiduciary best serves the interests of the beneficiaries, or (4) there has been a substantial change of circumstances or removal is requested by all of the beneficiaries, the court finds that removal of the fiduciary best serves the interests of all the beneficiaries and is not inconsistent with a material purpose of the governing instrument and a suitable cofiduciary or successor fiduciary is available. A successor corporate fiduciary shall not be removed in such a manner as to discriminate against state banks or national banking associations, nor shall any consolidated state bank or national banking association or any receiving state bank or national banking association be removed solely because it is a successor fiduciary, as defined in section 45a-245a."

Summarizing this amendment, P.A. 01-114 placed the previously existing grounds for the removal of a fiduciary within subdivision (1) of § 45a-242

and, therefore, has standing to challenge such removal by way of an appeal to the Superior Court pursuant to General Statutes § 45a-243.[2] The plaintiff, Fleet National Bank, appeals[3] from the judgment of the Superior Court dismissing the plaintiff's appeal from the order of the Probate Court that had removed the plaintiff as fiduciary. We conclude that a fiduciary removed from its position pursuant to § 45a-242 (a) (4) has not been removed "for cause" for the purposes of § 45a-243 and, therefore, does not have standing to appeal its displacement. Accordingly, we affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. In 1966, the John B. Faile Irrevocable Trust (trust) was created for the benefit of the defendants, certain individuals named as beneficiaries of the trust.[4] The instrument creating this trust named an individual fiduciary, James J. Preble, and a corporate fiduciary, the United Bank and Trust Company (United), as cotrustees while making no provision for the involuntary removal of either fiduciary. Thereafter, Preble passed away and United was left as the sole administrator of the trust. Following a corporate merger, the plain-

---

(a), and also added several new grounds for removal, which are listed in subdivisions (2), (3) and (4) of § 45a-242 (a).

[2] General Statutes § 45a-243 (a) provides in relevant part: "When any fiduciary has been removed *for cause* by a *court of probate, as provided in section 45a-242,* the fiduciary may appeal from such order of removal in the manner provided in sections 45a-186 to 45a-193, inclusive. . . ."

General Statutes § 45a-186 (a) provides in relevant part: "Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court . . . ."

[3] The plaintiff appealed from the judgment of the trial court to the Appellate Court. We then granted the defendants' motion to transfer the case to this court pursuant to Practice Book § 65-2 and General Statutes § 51-199 (c).

[4] The defendants are the living beneficiaries of the trust and include Patsy B. Underwood, Danica Zupic, Toni Faile Lyerly, Alicia Zupic, Marilyn Faile and Jennifer Faile.

tiff became the successor in interest to United and assumed its role as the sole fiduciary.

On December 10, 2001, the defendants filed a petition in the Probate Court for the district of Hartford asking that the plaintiff be removed, pursuant to § 45a-242 (a) (4), as fiduciary for the trust, and that Putnam Trust (Putnam) be installed as the successor fiduciary. Thereafter, the Probate Court, *Killian, J.*, issued a written memorandum of decision granting the defendants' petition to remove the plaintiff as fiduciary. As a threshold matter, the Probate Court indicated that "[p]rior to October 1, 2001, the removal of a fiduciary [under § 45a-242 (a)] was permitted only in those circumstances where it was demonstrated that a fiduciary either lacked the capacity to perform the duties of the [t]rustee or [was] neglectful of those duties," and that the plaintiff's performance as fiduciary was such that the court "would be incapable" of finding such inadequacy in this matter. The Probate Court, however, went on to recognize that General Statutes (Rev. to 2001) § 45a-242 (a), as amended by P.A. 01-114, now supplied "significant new grounds for removal of [a] [t]rustee . . . ." In particular, P.A. 01-114 added subdivision (4) to § 45a-242 (a), which provides for the removal of a fiduciary when "there has been a substantial change in circumstances or removal is requested by all of the beneficiaries, the court finds that removal of the fiduciary best serves the interests of all the beneficiaries and is not inconsistent with a material purpose of the governing instrument and a suitable cofiduciary or successor fiduciary is available." The Probate Court concluded that, "[i]n contrast to the other sub[divisions] of § 45a-242 (a), all of which require some blamable acts on the part of the fiduciary in order to justify removal, [§ 45a-242 (a) (4) authorizes] removal by a unanimous request of the beneficiaries . . . and requires no blamable act on the part of the [t]rustee . . . ."

The Probate Court went on to determine that the removal of the plaintiff was permissible under § 45a-242 (a) (4) because: (1) the defendants were unanimous in their desire to remove the plaintiff; (2) removal was in the best interests of the defendants as it was undisputed that (a) Putnam already administered other trusts for the benefit of the defendants and to centralize management in one fiduciary would increase convenience and efficiency, (b) the services offered by Putnam were more personalized than those of the plaintiff, and (c) the fees charged by Putnam were lower than those imposed by the plaintiff; and (3) removal did not conflict with a material purpose of the trust because (a) the plaintiff was not the entity chosen by the settlor to administer the trust, and (b) the trust did not vest any special discretion in the trustee and did not require unique skills such that the plaintiff was the sole entity capable of effective administration of the trust. Accordingly, the Probate Court issued an order removing the plaintiff as fiduciary and turned administration of the trust over to Putnam.

Thereafter, the plaintiff appealed from this order of removal to the Superior Court. On appeal to the Superior Court, the plaintiff claimed that the Probate Court had abused its discretion by improperly concluding that: (1) the defendants to the trust unanimously had requested the plaintiff's removal; (2) § 45a-242 (a) (4) permits the removal of a fiduciary without a demonstration that the current administration of the trust was detrimental to the interests of the beneficiaries in some manner; (3) the removal of the plaintiff as fiduciary best served the interests of the defendants; and (4) the removal of the plaintiff did not conflict with a material purpose of the trust.

Subsequently, the defendants moved to dismiss the plaintiff's appeal. Specifically, the defendants claimed that while § 45a-243 confers standing to appeal "when

the fiduciary has been removed 'for cause' by a court of probate," § 45a-242 (a) (4), the provision under which the plaintiff had been removed, authorizes the removal of a fiduciary without a showing of "cause" and, therefore, is outside the scope of § 45a-243. Put differently, the defendants claimed that "[w]hen there has been removal of a fiduciary because of the fiduciary's unfitness, an appeal of the removal is authorized; however, where the removal of a fiduciary is not based on any reasons attributable to the fiduciary . . . that is, the removal was not 'for cause' but for the reason[s] set forth in § 45a-242 (a) (4) . . . no appeal of the removal is authorized."

On October 11, 2002, the Superior Court, *Koletsky, J.*, issued a written memorandum of decision granting the defendants' motion to dismiss. In dismissing the plaintiff's appeal, the Superior Court reviewed the text and legislative purposes of §§ 45a-242 and 45a-243, and determined that the standing to appeal conferred by § 45a-243 is implicated only when a fiduciary has been removed "for cause" and that a removal effected pursuant to § 45a-242 (a) (4) is not such a removal. Therefore, the Superior Court concluded that the plaintiff was without standing to pursue an appeal of its removal. This appeal followed.

On appeal, the plaintiff claims that the removal of a fiduciary from its position pursuant to § 45a-242 (a) (4) is a removal "for cause" within the meaning of § 45a-243 and, therefore, a fiduciary has standing to appeal such removal.[5] Specifically, the plaintiff relies upon our

---

[5] In its brief to this court, the plaintiff makes three claims in support of its contention that the trial court improperly dismissed the appeal. The plaintiff first claims that the common and ordinary meaning of " 'for cause' " is " 'for a good or adequate reason.' " As such, the plaintiff asserts that satisfaction of the various factors enunciated in § 45a-242 (a) (4)—unanimity among the beneficiaries, the furtherance of the best interests of the beneficiaries, the lack of frustration as to any material purpose of the instrument, and the availability of a suitable successor fiduciary—is such a removal "for cause" within the meaning of § 45a-243 and, therefore, a fiduciary has

interpretation of the phrase " 'for cause' " in *Robinson
v. Unemployment Security Board*, 181 Conn. 1, 7, 434
A.2d 293 (1980), citing Webster's Third New International
Dictionary, which expressed that "[t]he ordinary
and customary meaning of the phrase 'for cause' is
'[for] a good or adequate reason' . . . ." Under this
interpretation, the plaintiff claims, the removal of a
fiduciary based upon the factors articulated in § 45a-

standing to appeal its removal. The second claim of the plaintiff is that even
if "for cause" as used in § 45a-243 is interpreted, as the defendants suggest,
as removal for a reason related to the ability or fitness of a fiduciary to
perform, removal effected pursuant to § 45a-242 (a) (4) constitutes such a
determination as the subdivision authorizes removal only "where the terms
of the trust are not being effectively carried out in some manner," and that
conclusion is necessarily a finding that the fiduciary has been performing
inadequately.

We note the considerable relatedness between the plaintiff's first and
second claims. In both claims, the assertion of the plaintiff is that removal
pursuant to § 45a-242 (a) (4) is a removal "for cause" within the scope of
§ 45a-243. As the two claims both require an interpretation of the phrase
"for cause" in § 45a-243 and an inquiry into the interplay between §§ 45a-
242 (a) (4) and 45a-243, we see no reason to differentiate analytically between
the two claims and, therefore, we will focus on the claims as presenting
one issue for our review.

The plaintiff also advances a third claim—that the trial court improperly
relied upon the factual findings of the Probate Court and engaged in a
premature review of the merits of the plaintiff's claim in its determination
that the plaintiff lacked standing to appeal its removal as fiduciary. Specifi-
cally, the plaintiff claims that the trial court, in concluding that the plaintiff's
removal was not "for cause" and therefore did not fall within the ambit of
§ 45a-243, improperly relied upon the Probate Court's factual finding that
the plaintiff had not been removed by reason of its conduct or an inability
to perform its duties. It is undisputed, however, that the Probate Court
removed the plaintiff as fiduciary pursuant to § 45a-242 (a) (4) and that the
trial court's dismissal of the plaintiff's appeal was based upon its interpreta-
tion of § 45a-243 so as to exclude appeals challenging removals pursuant
to § 45a-242 (a) (4). Accordingly, we find no merit in the plaintiff's contention
that the trial court impermissibly relied upon the factual findings of the
Probate Court in dismissing the plaintiff's appeal. The conclusion of the
trial court was based upon its threshold determination of standing and did
not include a review of the merits of the plaintiff's claim or the findings of
the Probate Court. As such, the sole issue for resolution in this appeal is
whether a removal effected pursuant to § 45a-242 (a) (4) is appealable under
§ 45a-243.

242 (a) (4); see footnote 1 of this opinion; is a removal "for cause" and, therefore, the fiduciary may appeal such removal pursuant to § 45a-243. Moreover, the plaintiff claims that the relevant legislative histories and underlying legislative purposes of these statutes support the conclusion that a fiduciary removed pursuant to § 45a-242 (a) (4) may appeal the removal by means of § 45a-243.

In response, the defendants claim that the phrase "for cause" in § 45a-243 has a more narrow meaning than that advanced by the plaintiff. In the defendants' view, the phrase "for cause" is to be interpreted, in accordance with the definition provided in West's Legal Dictionary (1986), as "a reason that is relevant to ability and fitness to perform one's duty." Under this interpretation, the defendants assert, a removal pursuant to § 45a-242 (a) (4) is a removal based upon factors entirely unrelated to the plaintiff's ability or fitness as a fiduciary and, therefore, is not a removal "for cause" within the ambit of § 45a-243. Furthermore, in direct contrast to the position of the plaintiff, the defendants claim that the relevant legislative histories and motivating purposes of these statutory provisions buttress the conclusion that a fiduciary removed pursuant to § 45a-242 (a) (4) may not challenge such removal by an appeal taken under § 45a-243. We agree with the defendants that a fiduciary that has been removed pursuant to § 45a-242 (a) (4) has not been removed "for cause" and, therefore, lacks standing to appeal that removal under § 45a-243.

As a threshold matter, we set forth the applicable standard of review. The plaintiff is challenging the conclusion of the trial court with regard to the interpretation of §§ 45a-242 (a) (4) and 45a-243. Issues of statutory construction raise questions of law, over which we exercise plenary review. *Commissioner of Transportation* v. *Kahn*, 262 Conn. 257, 272, 811 A.2d 693 (2003). "[T]he

process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter."[6] (Internal quotation marks omitted.) *Commissioner of Social Services* v. *Smith*, 265 Conn. 723, 734, 830 A.2d 228 (2003).

Thus, our interpretive task begins with the relevant statutory language. Section 45a-242 (a) provides that "[t]he court of probate having jurisdiction may, upon its own motion or upon the application and complaint of any person interested or of the surety upon the fiduciary's probate bond, after notice and hearing, remove any fiduciary if: (1) The fiduciary becomes incapable of executing such fiduciary's trust, neglects to perform the duties of such fiduciary's trust, wastes the estate in such fiduciary's charge, or fails to furnish any additional or substitute probate bond ordered by the court, (2) lack of cooperation among cofiduciaries substan-

---

[6] We are, of course, aware that our legislature recently has enacted Public Acts 2003, No. 03-154, § 1 (P.A. 03-154), which provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." This case does not implicate P.A. 03-154. We note that, in the present case, the relevant statutory text and the relationship of that text to other statutes is not "plain and unambiguous . . . ." P.A. 03-154. Accordingly, our analysis is not circumscribed to an examination of text alone, but rather properly may consider the various other sources helpful in the ascertainment of statutory meaning.

tially impairs the administration of the estate, (3) because of unfitness, unwillingness or persistent failure of the fiduciary to administer the estate effectively, the court determines that removal of the fiduciary best serves the interests of the beneficiaries, or (4) there has been a substantial change of circumstances or removal is requested by all of the beneficiaries, the court finds that removal of the fiduciary best serves the interests of all the beneficiaries and is not inconsistent with a material purpose of the governing instrument and a suitable cofiduciary or successor fiduciary is available. A successor corporate fiduciary shall not be removed in such a manner as to discriminate against state banks or national banking associations, nor shall any consolidated state bank or national banking association or any receiving state bank or national banking association be removed solely because it is a successor fiduciary, as defined in section 45a-245a."

Section 45a-243 (a) provides in relevant part: "When any fiduciary has been removed for cause by a court of probate, as provided in section 45a-242, the fiduciary may appeal from such order of removal in the manner provided in sections 45a-186 to 45a-193, inclusive. . . ." By its plain terms, therefore, the right of a removed fiduciary to appeal its removal pursuant to § 45a-243 is limited to those instances in which the "fiduciary has been removed *for cause . . . as provided in section 45a-242 . . . .*" (Emphasis added.)

The phrase "for cause" is not defined statutorily in §§ 45a-242, 45a-243, or in any other provision within chapter 802 of the General Statutes.[7] Following a comprehensive review of various other sources for the

[7] In addition, title 45a of the Regulations of Connecticut State Agencies, the set of administrative regulations effectuating title 45a of the General Statutes, contains no provisions either implementing chapter 802 of the General Statutes or otherwise providing content to the phrase "for cause" as used in § 45a-243.

meaning of the phrase, including dictionaries and sundry other provisions of the General Statutes and the Regulations of Connecticut State Agencies that also employ the wording, we conclude that the phrase "for cause" is ambiguous and, depending upon the context, can be used in either the manner advanced by the plaintiff or as advanced by the defendants.[8] We further con-

[8] Without a definition provided by the legislature, "[t]o ascertain the commonly approved usage of a word, it is appropriate to look to the dictionary definition of the term . . . ." (Internal quotation marks omitted.) *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, 259 Conn. 527, 539, 791 A.2d 489 (2002). In this instance, the phrase "for cause" has been defined in various sources as supportive of both the plaintiff's somewhat capacious interpretation—that of a "good or adequate reason," and the defendants' interpretation—that of "a reason that is relevant to ability and fitness to perform one's duty" and which connotes either misfeasance or nonfeasance. Etymologically, the word "cause" is derived from the Latin term "causa," which has been defined, in harmony with the plaintiff's interpretation, as a "ground [or] justificatory principle," and also, in a manner supportive of the defendants' interpretation, as a reason relating to one's "[r]esponsibility [or] blame . . . ." Oxford Latin Dictionary (1984). Moreover, the same dictionary source relied upon by the plaintiff; Webster's Third New International Dictionary (1986); to support the definition of "cause" as "for good or adequate reason," also goes on to define the term as "a charge or accusation brought against one," a meaning similar to the interpretation suggested by the defendants. Furthermore, while Black's Law Dictionary (7th Ed. 1999) now defines "for cause" as "[f]or a legal reason or ground," earlier versions also defined the phrase as "affecting and concerning ability and fitness of [an] official to perform [the] duty imposed on him"; Black's Law Dictionary (5th Ed. 1979); and "[c]onduct indicating unworthy or illegal motives or improper administration of power [and] . . . misfeasance or nonfeasance . . . ." Black's Law Dictionary (4th Ed. 1968).

In addition, we are mindful that our legislature has used the phrase "for cause" in myriad instances within our General Statutes and that various state entities also have employed the phrase numerous times within the administrative regulations implementing these statutory enactments. Our review of these authorities indicates that the phrase "for cause" has been used interchangeably as meaning either "a good or adequate reason" or "a reason related to the fitness of an individual to perform assigned duties."

For instance, General Statutes § 17a-11 (h), as amended by Public Acts 2003, No. 03-278, § 52, provides in relevant part: "Upon motion of any interested party in a Probate Court proceeding under this section, the probate court of record may transfer the file *for cause* shown to a probate court for a district other than the district in which the initial or permanency hearing was held. . . ." (Emphasis added.) In this section, the most reasonable interpretation of the phrase "for cause shown" is that a file may be transferred to another district for "a good or adequate reason."

clude, however, that the legislative histories surrounding §§ 45a-242 and 45a-243, as well as the legislative purposes underlying these enactments, are consonant with the interpretation of the phrase "for cause" in § 45a-243 as a reason that is related to one's fitness or ability to perform its duties.

Prior to beginning our analysis of the legislative histories and statutory purposes of §§ 45a-242 and 45a-243, we place our inquiry into the proper context with a brief review of the historical backdrop for these statutory provisions. Since their creation, "[p]robate courts [have been] strictly statutory tribunals and, as such, they have only such powers as are expressly or implicitly conferred upon them by statute." (Internal quotation marks omitted.) *Gaynor* v. *Payne*, 261 Conn. 585, 596, 804 A.2d 170 (2002). In 1800, as the legislature began to define more precisely the scope of jurisdiction for courts of probate, a statutory provision was enacted that allowed a probate court, in certain instances, to remove a fiduciary from its position. See General Statutes (1902 Rev.) § 371. Specifically, the legislature authorized the removal of a fiduciary following a deter-

---

In contrast, the same phrase "for cause" is used elsewhere in our statutory and regulatory landscape in a manner in harmony with the interpretation of the phrase advocated by the defendants. Section 31-3s-3 (c) of the Regulations of Connecticut State Agencies provides in relevant part: "Whenever a Job Center obtains information which could lead to a determination that a program participant . . . (3) has been discharged *for cause* as set forth in [General Statutes § 31-236 (a) (2) (B)], the Job Center shall notify the referring local General Assistance office of such information. . . ." (Emphasis added.) In turn, General Statutes § 31-236 (a) provides in relevant part: "An individual shall be ineligible for benefits . . . (2) . . . (B) if . . . the individual has been discharged or suspended for felonious conduct, conduct constituting larceny of property or service . . . larceny of currency . . . wilful misconduct in the course of the individual's employment, or participation in an illegal strike . . . ." The intersection between these provisions of the General Statutes and the Regulations of Connecticut State Agencies therefore demonstrates that the meaning of "for cause" in the context of § 31-236 (a) (2) (B) is most reasonably understood as "a reason that is relevant to ability and fitness to perform one's duty."

mination that such fiduciary was incapable of administering its trust, had neglected its duties, or had committed waste. General Statutes (1902 Rev.) § 371. The current version of this statutory provision is now codified at § 45a-242 (a) (1).[9] See footnote 1 of this opinion.

Furthermore, in Connecticut there has long existed a right for a party to appeal the decision or order of a court having jurisdiction over probate matters. See General Statutes (1808 Rev.) tit. XLII, c. 1, § 95 n.79. This right of appeal, however, always has been contingent upon a threshold showing of aggrievement. General Statutes (1808 Rev.) tit. XLII, c. 1, § 95 n.79. Without such a demonstration of aggrievement, the appealing party may not maintain an appeal.[10] That broad right of appeal for an aggrieved party currently is codified

[9] Although now included within § 45a-242 (a) (1), prior to 1980, the ground for displacement authorizing the removal of a fiduciary that had failed to furnish a court-ordered probate bond was not a part of the original statutory scheme. This particular ground for removal was added to the scheme with the enactment of Public Acts 1980, No. 80-227.

[10] "Aggrievement" is a concept similar, but not identical, to the requirement that a party must have standing in order to raise a particular claim or maintain a particular cause of action. See *Gladysz* v. *Planning & Zoning Commission*, 256 Conn. 249, 255, 773 A.2d 300 (2001). "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) Id.

Aggrievement exists in two forms: statutory and classical aggrievement. "Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Fort Trumbull Conservancy* v. *New London*, 265 Conn. 423, 430–31, 829 A.2d 801 (2003). Classical aggrievement, in contrast, requires an analysis of the particular facts of the case in order to ascertain whether a party has been aggrieved and, therefore, has standing to appeal. "We traditionally have applied the following two part test to determine whether [classical] aggrievement exists: (1) does the allegedly aggrieved party have a specific, personal and legal interest in the subject matter of a decision; and (2) has this interest been specially and injuriously affected by the decision." *Gladysz* v. *Planning & Zoning Commission*, supra, 256 Conn. 256.

at General Statutes § 45a-186. See footnote 2 of this opinion.

In a number of early cases, this court had the opportunity to analyze the intersection between these two statutory provisions, one allowing a party aggrieved in a probate matter the right of appeal, and the other conferring upon courts of probate the power to remove fiduciaries. See, e.g., *Hartford National Bank & Trust Co.* v. *Malcolm-Smith*, 129 Conn. 67, 69, 26 A.2d 234 (1942); *Avery's Appeal*, 117 Conn. 201, 205–206, 167 A. 544 (1933). "These cases held that a fiduciary was not aggrieved, in the absence of some demonstrated pecuniary loss, by impairment of potential future compensation or injury to his status in the community as a professional fiduciary." *Weill* v. *Lieberman*, 195 Conn. 123, 126, 486 A.2d 634 (1985).[11] As mere removal from its position did not confer aggrievement upon a fiduciary, displaced fiduciaries generally were unable to bring appeals challenging their removals.

Following these decisions, in 1955, spurred on by the banking lobby, the legislature undertook consideration of House Bill No. 1591, which was entitled "An Act Concerning the Removal for Cause of Executors, Administrators and Other Persons Acting in a Fiduciary Capacity and Providing Such Fiduciary so Removed the Right of Appeal from the Order of Removal."[12] In the

---

[11] We note that the requirement that, in order to be aggrieved, a party must demonstrate a personal pecuniary interest has since been abandoned. *Stanley* v. *Stanley*, 175 Conn. 200, 202, 397 A.2d 101 (1978). We also are mindful that the principles of aggrievement applied in these early cases since have been questioned as possibly having "taken too narrow a view of the common law of aggrievement." *Weill* v. *Lieberman*, supra, 195 Conn. 126.

[12] During the committee hearings regarding the proposed legislation, Horace E. Rockwell of the Connecticut Bankers Association explained: "At present a fiduciary who is removed by order of a Probate Court is not entitled to appeal such order for the reason that a fiduciary has been held by the Connecticut Supreme Court not to be aggrieved . . . . This means that an individual or a bank can be removed as a fiduciary when no legal grounds for such removal exists and . . . such fiduciary has absolutely no right of redress whatsoever in this situation. . . . It is completely . . .

House of Representatives, Representative Francis C. Cady introduced this bill as an enactment "giving the right of appeal to an executor, administrator or other fiduciary which [has been] removed for cause by order of [a] probate court." 6 H.R. Proc., Pt. 5, 1955 Sess., p. 2299.[13] House Bill No. 1591 subsequently was enacted as General Statutes (1955 Rev.) § 2942d, now codified at § 45a-243 (a). Since its adoption, § 45a-243 (a) has provided fiduciaries "removed for cause by a court of probate, as provided in section 45a-242" with a right of appeal from the removal decree.

Thereafter, this court indicated that the stated purpose of this provision was to "enlarge the rights of appeal of removed fiduciaries." *Weill* v. *Lieberman*, supra, 195 Conn. 126. In essence, this statutory provision was "designed to put the aggrievement issue to rest"; id., 126–27; and to confer statutory aggrievement

unfair that a fiduciary . . . should be subjected to the disgrace of removal without having any means of clearing . . . its name. The removal of an individual . . . could ruin him professionally, and every other way. The removal of a bank . . . could have a disastrous effect upon its standing and reputation and its future business . . . . [F]iduciaries should have the opportunity to have a removal order . . . reviewed by . . . the Superior Court." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1955 Sess., p. 442.

[13] We are also aware that Representative Cady went on to indicate: "This is a right which our committee felt *any fiduciary* should have . . . ." (Emphasis added.) 6 H.R. Proc., supra, p. 2299. Moreover, in the introduction of the bill before the Senate, Senator Arthur H. Healey stated: "[T]his bill concerns itself with a situation where *any fiduciary* appointed . . . has been ordered removed [and] allows him to appeal . . . such removal." (Emphasis added.) 6 S. Proc., Pt. 7, 1955 Sess., p. 2469. With regard to the choice of the phrase "any fiduciary" by these legislators, we note that, at the time this bill was under consideration, the only grounds for removal of a fiduciary were an inability to administer the trust, neglect and waste. General Statutes (1958 Rev.) § 45-263. As such, it would be intellectually disingenuous to extrapolate out from these legislators' use of the capacious term "any" in order to rely upon these statements to support the proposition that § 45a-243 applies to any fiduciary removed for any reason, including those removed pursuant to § 45a-242 (a) (4).

upon fiduciaries removed for cause. See footnote 10 of this opinion.

Until 2001, this statutory scheme remained materially unchanged. In that year, however, the legislature considered a substantial revision to § 45a-242 (a) through Senate Bill No. 419, which was entitled, "An Act Concerning a Petition for Change in Trustee." With its genesis in the bank acquisition and merger phenomenon of the 1990s,[14] and in the failure of many older trust instruments to provide a means by which a fiduciary could be removed involuntarily,[15] the express purpose of the bill was to "widen the circumstances under which [a] Probate Court can relieve a fiduciary . . . of [its] duties under a trust." 44 H.R. Proc., Pt. 14, 2001 Sess., p. 4720, remarks of Representative Arthur J. Feltman. Accordingly, P.A. 01-114 placed the previously existing grounds for the removal of a fiduciary within § 45a-242 (a) (1), and added subdivisions (2), (3) and (4) as new

[14] Linda Dow, counsel to the Probate Court administrator's office, appearing in support of the proposed legislation, stated: "[O]ver the last ten years, a series of Connecticut banks were either declared insolvent or for other reasons, were acquired by larger banks. There are many . . . estates in Connecticut in which the testator . . . had selected a small hometown bank as Trustee, recognizing both the local personnel and reasonable fees. But at the time of the death of the testator, that local bank no longer existed. The law clearly provides that in [the] event of an acquisition, the acquiring bank will succeed to the fiduciary appointments of the failed or merged bank. This leaves many beneficiaries of trust[s] . . . in the untenable position of having large out-of-state corporate trustee[s] handling their family trust, while paying fees that the . . . beneficiaries feel are very unreasonable." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 9, 2001 Sess., pp. 3073–74. According to Dow, the problem created by these corporate mergers was "substantial." Id., p. 3075.

[15] Anthony B. Ludovico, a Connecticut trusts and estates attorney, appeared before the judiciary committee and stated: "In most well drafted inter-vivos trusts today, there is generally some provision governing procedures for changes of trustee . . . [h]owever, there are still in existence many older [instruments] which [do] not include a provision for [a] change [in] trustee." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 10, 2001 Sess., p. 3188.

grounds for the removal of a fiduciary. See footnote 1 of this opinion.

In response to concerns that the bill as proposed would open the door to discrimination against state or national banks or banking associations simply because of their status as a successor fiduciary, Senate Bill No. 419 later was amended to include a provision barring discrimination against such an entity "solely because it is a successor fiduciary . . . ." General Statutes § 45a-242 (a). As Senator Eric Coleman explained, "the whole purpose of the amendment is to make clear that mergers and acquisitions would not constitute . . . the substantial change of circumstances [that is] referred to in the bill." 44 S. Proc., Pt. 7, 2001 Sess., pp. 2015–16.

Notably, P.A. 01-114, although substantially revising § 45a-242 (a), did not alter the statutory text of § 45a-243. Furthermore, the legislative history surrounding P.A. 01-114 reveals no discussion of the proposed bill's impact upon § 45a-243, and indeed discloses no reference at all to § 45a-243 in the discussions surrounding the modification of § 45a-242 (a). Instead, following the enactment of P.A. 01-114, § 45a-243 (a) continues to provide, as it previously had provided: "When any fiduciary has been removed *for cause* by a court of probate, *as provided in section 45a-242,* the fiduciary may appeal from such order of removal in the manner provided in sections 45a-186 to 45a-193, inclusive. . . ." (Emphasis added.)

Having reviewed the legislative genealogy of §§ 45a-242 and 45a-243, we now turn to the interpretive issue presented in this appeal. Although, as previously mentioned, the phrase "for cause" in the text of § 45a-243 is ambiguous, the legislative purpose underlying § 45a-243, as well as the subsequent statutory development of § 45a-242, lead to the conclusion that the most reasonable interpretation of § 45a-243 is the reading that

excludes from its ambit the removal of a fiduciary pursuant to § 45a-242 (a) (4). Accordingly, a fiduciary removed pursuant to § 45a-242 (a) (4) has not been conferred with statutory aggrievement pursuant to § 45a-243 and may not maintain an appeal pursuant to that statutory·provision.

As demonstrated, the statutory precursor to § 45a-243 was born in response to several decisions of this court that had concluded that the mere removal of a fiduciary from its position did not aggrieve it in the classical sense and, therefore, such a removed fiduciary could not sustain an appeal under the general right of appeal statute, now codified at § 45a-186. At the time this right of appeal provision was enacted in 1955, a fiduciary was subject to removal only if it had become incapable of administering the trust, neglected its duties, or committed waste. General Statutes (1958 Rev.) § 45-263. As classical aggrievement was lacking, the purpose of the appeal provision was to confer statutory aggrievement upon fiduciaries removed for those performance related reasons. Put differently, the spirit and import of the precursor to § 45a-243 was to allow a fiduciary, charged with ignominious wrongs bearing directly upon its fitness or ability to perform in its role as fiduciary, the opportunity to defend itself from such allegations.

Over time, § 45a-242 and its statutory ancestors have been amended to incorporate several additional grounds for the removal of a fiduciary, including the failure to furnish a court-ordered probate bond, now codified in § 45a-242 (a) (1), and the various justifications articulated in subdivisions (2), (3) and (4) of § 45a-242 (a). Although the grounds for removal have been supplemented, the language of the appeal provision has not been modified and, perhaps more importantly, the spirit of the provision has never been altered. All that is left, therefore, is to apply § 45a-243 to the modified

§ 45a-242 in a manner that is both in harmony with the purpose behind the appeal provision and in keeping with the language of § 45a-243.

In this inquiry, it is critical to recognize that while the grounds for removal articulated in § 45a-242 (a) (1), and those qualitatively similar grounds as listed in § 45a-242 (a) (2) and (3), consist of factors inextricably intertwined with the fitness or ability of a fiduciary to perform its duties adequately, the grounds for removal as set forth in § 45a-242 (a) (4) are different in kind. In each of the grounds listed in § 45a-242 (a) (1), (2) and (3), the basis for the removal of a fiduciary is something the fiduciary has done, or has failed to do, which adversely has impacted the administration of the trust that has been committed to its charge. The focus of the inquiry under § 45a-242 (a) (4), however, is not so bound up with a showing as to the current fiduciary's insufficient performance. Rather, § 45a-242 (a) (4) indicates that a fiduciary can be removed, even if it adequately is performing its function as administrator, if removal: is requested by each beneficiary; would best serve the interests of the beneficiaries, as for example in an instance in which an alternative entity could *better* function as fiduciary, and is not inconsistent with a material purpose of the trust; and an alternative entity is available to serve as successor fiduciary.[16] Under this provi-

---

[16] In its brief to this court, the plaintiff claims that a finding that removal "best serves the interests of all the beneficiaries" under § 45a-242 (a) (4) is, in essence, a finding of inadequate or deficient conduct by the fiduciary. We are not persuaded. While it may be true that removal under subdivision (4) of § 45a-242 (a) may be warranted because of inadequate administration, such a claim is more likely to be brought pursuant to subdivision (1), a provision that allows removal for incapacity or neglect, or subdivision (3), a provision that allows removal for unfitness, unwillingness, or persistent failure effectively to administer the corpus. If inadequate performance is the basis for the removal petition, such a claim is more likely to be brought under one of these provisions as they do not require unanimity among the beneficiaries, a showing that removal does not conflict with a material purpose of the trust, or a showing that a successor fiduciary is available— all of which are required in a petition brought pursuant to § 45a-242 (a) (4).

sion, there need not be an allegation that a fiduciary is or has been performing inadequately. Rather, the focus of subdivision (4) is upon whether there is another entity that, for some reason, may perform better or provide different and more desirable benefits as administrator, or is otherwise better suited to serve as fiduciary for a particular trust.[17]

Accordingly, the motivating purpose behind § 45a-243, that a fiduciary be afforded a right of appeal in order to defend itself from scurrilous allegations of misfeasance, nonfeasance, or inadequate performance, is absent from a removal that has been effected pursuant to § 45a-242 (a) (4). Given what we view as this unmistakable legislative purpose in affording removed fiduciaries a right of appeal, we conclude that the most reasonable interpretation of the phrase "for cause" in § 45a-243 is to provide a fiduciary, removed from its position for a reason that is related to its fitness or ability to perform its duties, with a right of appeal to defend itself from such allegations. As removal pursuant to § 45a-242 (a) (4) is not predicated upon reasons related to fitness or ability to perform, such a removal is not within the scope of § 45a-243.

The plaintiff contends, however, that to interpret the phrase "for cause" in § 45a-243 as a reason related to the fitness or ability of a fiduciary to discharge its duties would be to render that phrase superfluous to the statute, as it had existed prior to the enactment of P.A. 01-114. Put differently, the plaintiff notes that, prior to P.A. 01-114, all of the grounds for removal listed in General Statutes (Rev. to 2001) § 45a-242 (a) were related to

[17] For instance, as the defendants here claimed, while the plaintiff was not an ill-performing fiduciary, the choice to remove it as fiduciary was beneficial to the trust and the defendants as there was a successor fiduciary that provided more personalized fiduciary services and charged lower fees, and whose appointment served the goals of increased convenience and efficiency.

the fitness or ability of a fiduciary to perform its duties. See *footnote 1 of this opinion. As such*, the plaintiff claims that if all of the grounds for removal under § 45a-242 (a) were "for cause," the use of the phrase "for cause" within § 45a-243 would have been mere surplusage.

Although we agree with this proposition to the extent that it asserts that, without legislative modification to § 45a-243, "for cause" under § 45a-243 must mean the same after P.A. 01-114 as it did prior to the amendment, we do not agree that our reading of the phrase as related to the fitness or ability of a fiduciary to perform its duties renders the phrase "for cause" superfluous in the scheme as existing prior to P.A. 01-114. "[I]t is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) *Kuehl* v. *Z-Loda Systems Engineering, Inc.*, 265 Conn. 525, 536–37, 829 A.2d 818 (2003). In this regard, it is important to note that § 45a-243 provides a right of appeal to a fiduciary removed "for cause . . . as provided in *section 45a-242* . . . ." (Emphasis added.) Both before and after the enactment of P.A. 01-114, § 45a-243 referenced the preceding provision *in whole*, without a more pointed reference to any particular subsection or subdivision of § 45a-242. We also note that § 45a-242, and its statutory precursors dating back to the original passage of the provision in 1955, not only always has provided the particular grounds by which a fiduciary may be removed involuntarily from its position, in subsection (a) of the statute, but also, in subsection (b) of § 45a-242 and its earlier variations, has provided for the removal of a fiduciary by means of resignation.[18]

---

[18] General Statutes § 45a-242 (b) provides: "The court of probate, after notice and hearing, may accept or reject the written resignation of any

Our reading of the phrase "for cause" as a reason related to the fitness or ability of a fiduciary to perform its duties not only renders no portion of § 45a-243 superfluous following enactment of P.A. 01-114, but is also in keeping with a proper interpretation of the statute prior to P.A. 01-114. The phrase "for cause," as used in § 45a-243, means, as it always has, that a fiduciary removed for reasons related to its fitness or ability to perform has a right of appeal to clear its name from scurrilous or ignominious allegations. Prior to P.A. 01-114, the phrase "for cause" had distinguished removals pursuant to subsection (a) of § 45a-242, for which a right of appeal was afforded, from a resignation pursuant to § 45a-242 (b), for which no right of appeal was afforded. Essentially, the distinction precluded a fiduciary that had resigned its position from later changing its mind and seeking reinstatement by way of an appeal. Following the enactment of P.A. 01-114, the phrase "for cause" in § 45a-243 differentiates between removals pursuant to § 45a-242 (a) (1), (2) and (3), which are all related to the fitness or ability of a fiduciary to perform and for which a right of appeal is afforded, from removals pursuant to § 45a-242 (a) (4) or resignations pursuant to § 45a-242 (b), which are unrelated to a fiduciary's fitness or ability to perform and for which no right of appeal is afforded.[19]

---

fiduciary, but such resignation shall not be accepted until such fiduciary has fully and finally accounted for the administration of such fiduciary's trust to the acceptance of such court."

[19] Furthermore, we disagree with the concession made by the defendants' counsel at oral argument before this court that, as the removal of a fiduciary can be accomplished only pursuant to § 45a-242, the use of the phrase "as provided in section 45a-242" in § 45a-243 is superfluous. Again, in accordance with the tenet of statutory construction that no word or phrase in a statute be read as superfluous, we read this clause in § 45a-243 as a reference to the procedural means of removal enunciated in § 45a-242 that a removal may be initiated by the court's "own motion or upon the application and complaint of any person interested or of the surety upon the fiduciary's probate bond, [and may be effectuated] after notice and hearing . . . ." General Statutes § 45a-242 (a).

While we conclude that a fiduciary removed pursuant to § 45a-242 (a) (4) has not been conferred with statutory aggrievement to pursue an appeal under § 45a-243, our inquiry is not at an end. As previously noted, the early cases concluding that a fiduciary has not been classically aggrieved by its removal and may not maintain an appeal pursuant to the broad right of appeal from a probate decree now codified at § 45a-186 have since been questioned as having looked too narrowly upon the common law of aggrievement. See footnote 11 of this opinion and the accompanying text. Given this erosion, our conclusion that a fiduciary removed pursuant to § 45a-242 (a) (4) has not been conferred with statutory aggrievement under § 45a-243 does not foreclose the possibility that such fiduciaries, under our current principles of classical aggrievement, may now maintain an appeal pursuant to § 45a-186.

We conclude, however, that a fiduciary removed pursuant to § 45a-242 (a) (4) is not, under our well settled standard with regard to classical aggrievement, an "aggrieved" person pursuant to § 45a-186. See footnote 10 of this opinion. As previously mentioned, our early cases concerning "aggrievement" within the context of an appeal from a probate decree required that, in order to be aggrieved, a party must demonstrate injurious impact upon a pecuniary interest. *Spencer's Appeal*, 122 Conn. 327, 331–32, 188 A. 881 (1937); *Avery's Appeal*, supra, 117 Conn. 205–206. This requirement could be satisfied either by a showing of a direct pecuniary interest in the decree, such as a creditor, legatee or heir-at-law would possess; *Hartford National Bank & Trust Co.* v. *Malcolm-Smith*, supra, 129 Conn. 69; or a showing that an entity was acting in a representative capacity for one whose interest was so affected. *Spencer's Appeal*, supra, 331.

While we have abandoned the requirement of a pecuniary interest, either directly or in a representative

capacity; *Stanley* v. *Stanley*, supra, 175 Conn. 202; it has remained well settled that "[a] grievance to one's feelings of propriety or sense of justice is not a grievance which gives a right of appeal." Id. Under our current formulation of classical aggrievement, an allegedly aggrieved party must have a "specific, personal and legal interest in the subject matter of a decision . . . and . . . this interest [must have] been specially and injuriously affected by the decision." *Gladysz* v. *Planning & Zoning Commission*, supra, 256 Conn. 256.

We have concluded that "[o]ne serving in a fiduciary capacity has standing to appeal from any decree which adversely affects the interests of those for whom he is acting, if it is a part of his duty to protect those interests." (Internal quotation marks omitted.) *Stanley* v. *Stanley*, supra, 175 Conn. 202–203. Moreover, with regard to the nature of the interest implicated, we also have concluded that "[a]s long as there is some direct injury for which the plaintiff seeks redress, the injury that is alleged need not be great." *Maloney* v. *Pac*, 183 Conn. 313, 321, 439 A.2d 349 (1981). Accordingly, a party sufficiently has demonstrated classical aggrievement upon a showing of direct injury to a legally protected interest, either in the sense of personal harm or harm to the interests of one for whom the party stands in a representative capacity, regardless of the extent of the harm.

Turning to the plaintiff's asserted interest in this matter, we conclude that the plaintiff has not established a protected interest, either in a representative or personal capacity, such that it has been aggrieved by the order of the Probate Court removing it as fiduciary. In the representative sense, the order of the Probate Court, terminating the plaintiff's tenure as fiduciary, was an adjudication that the plaintiff was no longer to represent the interests of the defendants with regard to the trust. Therefore, following removal as fiduciary, the plaintiff

may no longer seek to assert claims on behalf of the defendants. Rather, the interests of the defendants are now represented by their current fiduciary, Putnam, and standing to appeal decrees impacting those interests is now vested solely in Putnam.

With no aggrievement in a representative capacity, the only means by which the plaintiff may be determined to have been aggrieved by the order of the Probate Court is by direct injury to a personal interest. We conclude that a fiduciary removed from its position pursuant to § 45a-242 (a) (4) has no such direct harm to a personal and legally protected interest.[20] Unlike removals pursuant to § 45a-242 (a) (1), (2) and (3), no harm to a fiduciary's reputation or standing in the community has been visited upon the fiduciary as a result of its removal pursuant to § 45a-242 (a) (4). The interest asserted by the plaintiff in a personal capacity is, in essence, nothing more than a claim that, in the absence of inadequate administration of a trust committed to its charge, the plaintiff is entitled to the continuation of its tenure as fiduciary ad infinitum.[21] In the absence of inadequate performance, the plaintiff claims that it may not be removed from its position regardless of whether there exists another fiduciary who could better administer the trust.

In the context of zoning and licensing appeals, we have concluded that "[o]rdinarily, an allegation that a governmental action will result in competition harmful to the complainant's business would not be sufficient

---

[20] As it is not implicated by this appeal, we express no opinion as to whether a fiduciary that has been removed from its position in violation of the antidiscrimination provision of § 45a-242 (a) possesses statutory aggrievement to maintain an appeal pursuant to § 45a-243, or satisfies the standard for classical aggrievement and may maintain an appeal pursuant to § 45a-186.

[21] In these circumstances, we do not view the plaintiff's expectation as to future compensation for continued service as fiduciary as an adequate basis upon which classical aggrievement may be conferred.

to qualify the complainant as an aggrieved person." *State Medical Society* v. *Board of Examiners in Podiatry*, 203 Conn. 295, 301, 524 A.2d 636 (1987). We see no functional difference in the plaintiff's implicit claim in this appeal that, if it is performing adequately as a fiduciary, it should be left free from the rigors of competition in the marketplace. The plaintiff's asserted personal interest is simply an insufficient basis upon which classical aggrievement may be claimed. Accordingly, the plaintiff has not been classically aggrieved by its removal as fiduciary and may not maintain an appeal pursuant to § 45a-186.

The judgment is affirmed.

In this opinion the other justices concurred.