CHRISTINA M. MANGIANTE *v.* THERESA
MANGIANTE NIEMIEC
(AC 23789)

Foti, Bishop and West, Js.

---

Argued January 9—officially released March 30, 2004

*Sandi Beth Girolamo*, with whom, on the brief, were *James T. Flaherty* and *Julia B. Morris*, for the appellant (defendant).

*Clifford S. Thier*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. The principal issues in this appeal are whether (1) the Uniform Transfers to Minors Act (act), General Statutes §§ 45a-557 through 45a-560b, establishes a fiduciary relationship between a custodian and a minor and whether (2) the trial court improperly concluded that the defendant breached her fiduciary duty by using custodial funds to satisfy her child support obligations. We affirm the judgment of the trial court.

The relevant facts are as follows. In 1996, pursuant to the act, the defendant, Theresa Mangiante Niemiec, established a savings account in the amount of $3920 for the benefit of her daughter, the plaintiff, Christina M. Mangiante. The defendant was designated as the custodian of the account. Almost one year later, in January, 1997, the defendant and her husband were divorced. The dissolution decree was silent as to the funds placed in the account. It did, however, provide that the defendant was to pay her former husband, Robert Mangiante, $75 a week for the plaintiff's support in accordance with the child support guidelines.

On February 14, 1997, the defendant converted the funds in the custodial savings account into a custodial checking account. Again, the funds were placed into that account for the benefit of the plaintiff, and the defendant was designated as the custodian under the act. Every two weeks thereafter, the defendant wrote a $150 check to her husband out of that account until the funds were exhausted completely. The defendant described those transactions in her check register as "support for Cristina." In June, 1998, the defendant closed the account. In her check register, she described her last two transactions as "Last [illegible] per CGS & Divorce Decree" and "per CGS—Graduation, Close Account."

In May, 2000, the plaintiff commenced this action against the defendant. She alleged that that the defendant breached her fiduciary duty when she used the funds in the custodial checking account to satisfy her child support obligation under her dissolution decree.[1]

---

[1] The plaintiff's operative complaint contained counts alleging fraud, theft, embezzlement, conversion and breach of fiduciary duty. At the close of the plaintiff's case, the defendant sought to dismiss all counts for failure to make out a prima facie case. The court dismissed the claims of fraud, theft, embezzlement and conversion but did not dismiss the breach of fiduciary duty claim.

After a trial to the court, judgment was rendered for the plaintiff on the ground that the defendant, as custodian of the plaintiff's bank account, had breached a fiduciary duty to the plaintiff by engaging in self-dealing.[2]

The defendant has appealed, claiming that the court improperly concluded that (1) a fiduciary relationship existed between a custodian and a minor under the act, and (2) the defendant breached her fiduciary duty by engaging in self-dealing. We reject both claims, which we address in turn.

I

The defendant's first claim is that the court improperly construed General Statutes § 45a-558j of the act as establishing a fiduciary relationship between the custodian and minor. We disagree.

As a threshold matter, we set forth the applicable standard of review. The plaintiff is challenging the conclusion of the court with regard to the interpretation of § 45a-558j. Because issues of statutory interpretation raise questions of law, our review is plenary. *Fleet National Bank's Appeal From Probate*, 267 Conn. 229, 237, 837 A.2d 785 (2004).

"According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the

---

[2] In its memorandum of decision filed October 29, 2003, the court stated in relevant part: "In the opinion of this court, the defendant violated her fiduciary duty as custodian under the [act] when she spent the money in the custodial account for the support of her daughter, thus engaging in self-dealing by a fiduciary. Despite the protestations of the defendant, a custodian acting in a custodial capacity is a fiduciary. General Statutes § 45a-558j. This section provides for the powers of a custodian and states: '[B]ut a custodian may exercise those rights, powers and authority in that custodian's *fiduciary* capacity only.' " (Emphasis in original.)

words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Johnson* v. *Mazza*, 80 Conn. App. 155, 159, 834 A.2d 725 (2003).

Because the language of the statute is the most important consideration in determining the meaning of the statute, our interpretive task begins with the relevant statutory language. *State* v. *Courchesne*, 262 Conn. 537, 563, 816 A.2d 562 (2003) (en banc); see also Public Acts 2003, No. 03-154 (courts should first look to plain meaning of words of statute when interpreting statute's meaning). Section 45a-558j, entitled "Powers of custodian," provides in relevant part: "(a) A custodian, acting in a custodial capacity, has all the rights, powers and authority over custodial property that unmarried adult owners have over their own property *including*, to the extent applicable and consistent with sections 45a-557 to 45a-560b, inclusive, *powers pursuant to section 45a-234*, but a custodian may exercise those rights, powers and authority in that *custodian's fiduciary capacity* only." (Emphasis added.)

That provision states that the custodian has powers pursuant to General Statutes § 45a-234, which sets forth the powers of a fiduciary. Thus, § 45a-558j grants the custodian, when acting in a custodial capacity, fiduciary powers. Moreover, § 45a-558j (a) specifically provides that the custodian may exercise her powers in her "fiduciary capacity only." A custodian cannot act in a fiduciary capacity unless the custodian has fiduciary powers. Accordingly, the plain language of the statute provides that the custodian is a fiduciary. To construe it otherwise would render the phrases "powers pursuant to section 45a-234" and "custodian's fiduciary capacity" meaningless. "[I]t is a basic tenet of statutory

construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous." (Internal quotation marks omitted.) *Fleet National Bank's Appeal From Probate*, supra, 267 Conn. 250. Thus, the clear language of § 45a-558j (a) provides that the legislature intended the custodian-minor relationship to be a fiduciary relationship.

In addition to the clear language of the statute, common-law principles governing fiduciary relationships support the court's interpretation. "It is well settled that a fiduciary . . . relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." (Internal quotation marks omitted.) *Hi-Ho Tower, Inc.* v. *Com-Tronics, Inc.*, 255 Conn. 20, 38, 761 A.2d 1268 (2000). Moreover, "[t]he law will imply [fiduciary responsibilities] only where one party to a relationship is unable to fully protect its interests [or where one party has a high degree of control over the property . . . of another] and the unprotected party has placed its trust and confidence in the other." (Internal quotation marks omitted.) Id., 41.

In the present case, the overriding goal of the act is to preserve the property of the minor who, due to her age, was unable to protect her interests fully. To further that goal, the legislature granted the custodian control over the property of the minor and placed the custodian under a specific duty to act for the benefit of that minor.[3]

---

[3] See General Statutes § 45a-558i (a), which provides: "A custodian shall: (1) *Take control of custodial property*; (2) register or record title to custodial property if appropriate; and (3) *collect, hold, manage, invest and reinvest custodial property.*" (Emphasis added.); see also General Statutes § 45a-558k (a), which provides in relevant part: "A custodian may deliver or pay to the minor or expend for the minor's benefit so much of the custodial

Those are the quintessential characteristics of a fiduciary relationship; the custodian is in a dominant position, thereby creating a relationship of dependency, and is under the specific duty to act for the benefit of another. Id., 38 ("[i]n the seminal cases in which this court has recognized the existence of a fiduciary relationship, the fiduciary was either in a dominant position, thereby creating a relationship of dependency, or was under a specific duty to act for the benefit of another"). Thus, common-law principles also support the court's interpretation that a fiduciary relationship is established between a custodian and minor under the act.

We therefore conclude that given the clear language of § 45a-558j, the legislative purpose underlying the act and the common-law principles governing fiduciary relationships, the most reasonable interpretation of the act is the reading that establishes a fiduciary relationship between the custodian and the minor. Accordingly, the defendant's first claim must fail.

II

The defendant's second claim is that even if the custodian of an account governed by the act is in a fiduciary relationship with the minor, the evidence adduced in the case did not support the court's finding that the defendant breached her fiduciary duties.[4] We are not persuaded.

The defendant's claim requires us to review a finding of fact. See *Spector* v. *Konover*, 57 Conn. App. 121, 126–27, 747 A.2d 39, cert. denied, 254 Conn. 913, 759

property as the custodian considers advisable *for the use and benefit of the minor* . . . ." (Emphasis added.)

[4] In its memorandum of decision, the court stated in relevant part: "In this case, the plaintiff . . . accuse[d] the defendant of self-dealing and . . . maintains that the defendant has taken the money for herself and defrauded her. *The defendant offers practically no contrary evidence to rebut the evidence offered by the plaintiff and failed completely to meet her burden of proof.*" (Emphasis added.)

A.2d 507 (2000). As such, it is subject to the clearly erroneous standard of review. Id., 126. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id., 126–27.

It is well established that when a complaint against a fiduciary alleges self-dealing, the fiduciary carries the burden of proving fair dealing. "[T]he standard of proof for establishing fair dealing is not the ordinary standard of proof of fair preponderance of the evidence, but requires proof either by clear and convincing evidence, clear and satisfactory evidence or clear, convincing and unequivocal evidence." (Internal quotation marks omitted.) Id., 127. Thus, "[i]n determining whether the court's decision was clearly erroneous, we must examine the court's decision in the context of the heightened standard of proof imposed on a fiduciary." Id.

We begin our analysis by further clarifying the defendant's burden of proof at trial. As a fiduciary, the defendant had a duty of loyalty to the plaintiff. See *Beverly Hills Concepts, Inc.* v. *Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 57, 717 A.2d 724 (1998). The fiduciary duty of loyalty is breached when the fiduciary engages in self-dealing by using the fiduciary relationship to benefit her personal interest. *Spector* v. *Konover*, supra, 57 Conn. App. 128. Applying that principle to the present case, we conclude that the defendant breached her fiduciary duty of loyalty if she used custodial funds to satisfy her child support obligation. The defendant's burden at trial, therefore, was to prove by clear and convincing evidence that she did not use custodial funds to satisfy that obligation.

Our careful review of the record, exhibits and transcripts reveals that the defendant did not satisfy that

burden because she adduced minimal evidence to refute the plaintiff's claim of self-dealing. The defendant did testify that although the funds were in fact used for the plaintiff's support, they were not used to satisfy the child support obligation. Nonetheless, the defendant's check register for the account clearly belies that testimony.[5] As a consequence, we conclude that the court's finding that the defendant failed to satisfy her heightened burden of proof was not clearly erroneous. For that reason, the defendant's second claim must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] The plaintiff adduced the check register at trial, and it was admitted into evidence as a full exhibit.